Paulina Schoenholz, Appellant, *v.* New York Life Insurance Company, Respondent, Impleaded with Another.

**Insurance (life) — change of beneficiary — insurer has right on its own behalf to insist that provisions of policy for change in beneficiary shall be complied with — when assignment by parol and delivery of policy invalid — when fact that assignee has married insured upon his promise to designate her as beneficiary immaterial.**

1. An insurance company has the right in its own behalf and independent of the rights of the original beneficiary to insist that the provisions of its policy for a change in beneficiary shall be complied with and that it shall not be liable to one who is in fact a stranger through failure to comply with such provisions.

2. Where a policy of life insurance provided that any assignment thereof " must be made in duplicate and one copy filed with the Company at its home office;" also " when the right of revocation has been reserved (as was the case in this policy) the insured, if there be no existing assignment of the policy made as herein provided may * * * designate a new beneficiary * * * by filing written notice thereof at the home office of the Company accompanied by the policy for suitable endorsement thereon; such change shall take effect when endorsed upon the policy by the Company and not before," an attempted assignment of the policy, merely by parol and delivery thereof, is invalid and the assignee obtains no right thereby to the moneys payable under the policy upon the death of the insured.

3. The fact that the assignee has acted upon the promise of the insured to designate her as beneficiary and married him in consideration thereof cannot assist her, on the theory that equity will regard that as done which ought to be done, where it not only does not appear that the insured on proper demand neglected and refused to procure her designation as beneficiary but it affirmatively appears that at the time of the purported assignment the policy was delivered to her and thereafter remained in her possession and there is no finding or evidence to indicate that she ever offered to co-operate in effecting the change in beneficiary or made any attempt to secure such change.

*Schoenholz* v. *New York Life Ins. Co.*, 197 App. Div. 91, affirmed.

(Argued April 28, 1922; decided July 12, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 10, 1921, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

*Reuben Dorfman* for appellant. A policy may be transferred and assigned by delivery, though such transfer may not exactly be in accordance with the contract of insurance, wherein it is provided that the change of beneficiary may be only made in writing, so long as such policy does not provide for a forfeiture in the event of non-compliance with the provision regulating a change of beneficiary or assignment of the policy. (*Marcus* v. *St. Louis M. L. Ins. Co.*, 68 N. Y. 625; *St. John* v. *Am. M. L. Ins. Co.*, 13 N. Y. 31; *McNevins* v. *Prudential Ins. Co.*, 57 Misc. Rep. 608; *McGlynn* v. *Curry*, 82 App. Div. 431; *Barnett* v. *Prudential Ins. Co.*, 91 App. Div. 435; *Liberty Wall Paper Mfg. Co.* v. *Stoner*, 59 App. Div. 353; 170 N. Y. 582; *Travelers Ins. Co.* v. *Healey*, 25 App. Div. 53; *Holleran* v. *Prudential Ins. Co.*, 172 App. Div. 634; *Kinnan* v. *Sullivan County Club*, 26 App. Div. 213; *Driscoll* v. *West Bradley*, 59 N. Y. 96.) Equity will regard that as done which ought to have been

done. (*Lahey* v. *Lahey*, 174 N. Y. 146; *Tidd* v. *McIntyre*, 116 App. Div. 602; *Schoenholz* v. *N. Y. Life Ins. Co.*, 192 App. Div. 563; *Nally* v. *Nally*, 74 Ga. 669.)

*Louis H. Cooke* for respondent. The defendant Schoenholz was designated as the beneficiary of the policy at the time of its issuance and so remained at the time of the insured's death. Her interest as such beneficiary could have been divested by the insured only by strict compliance with the provision of the policy governing the right and power to change the beneficiary, but this the insured did not do, and upon his death the right of the defendant Schoenholz to the insurance under the policy became absolute and she was and is the only person entitled thereto. (*Stafford* v. *Brotherhood of Railroad Trainmen*, 224 N. Y. 653; 170 App. Div. 937; *Fink* v. *Fink*, 171 N. Y. 616; *Thomas* v. *Thomas*, 131 N. Y. 205; *Sangunitto* v. *Goldey*, 88 App. Div. 78; *Ireland* v. *Ireland*, 42 Hun, 212; *Reid* v. *Durboraw*, 272 Fed. Rep. 99; *Johnson* v. *New York Life Ins. Co.*, 138 Pac. Rep. 414; *Muller* v. *Penn Mut. L. Ins. Co.*, 161 Pac. Rep. 148; *Sullivan* v. *Maroney*, 73 Atl. Rep. 842; 78 Atl. Rep. 150; *Anderson* v. *Broad Street National Bank*, 105 Atl. Rep. 599; *Farmer Coal & Supply Co.* v. *Albright*, 106 Atl. Rep. 545.)

Hiscock, Ch. J. This action was brought to have canceled the designation of the defendant Schoenholz as beneficiary in and under a policy issued by the defendant Insurance Company on the life of one Schoenholz and to have the insurance under said policy, Schoenholz being dead, paid to the plaintiff. The Special Term awarded judgment as prayed but the Appellate Division reversed such judgment. We think that the Appellate Division was right, although placing our opinion on a different ground than the one adopted by that court. While the order of the Appellate Division purports to reverse the

findings of fact as well as the conclusions of law made and reached at the Special Term there was, as we. think and for the purposes of this discussion shall assume, no dispute in respect of the determinative facts necessary to present the questions which have been argued and which we shall consider.

The defendant is a domestic corporation engaged in the business of issuing life insurance. . One Harry Schoenholz, who appears to have been a resident of this state, took .out a policy for $1,000, naming his sister, the defendant Sarah Schoenholz, as beneficiary. This designation was not based upon any valuable consideration and in fact · the beneficiary did not know of it. Subsequently Schoenholz, desired to marry the plaintiff and " to obtain plaintiff's promise to marry him promised and agreed to assign the said policy of insurance to the plaintiff and · designate and constitute plaintiff  *  *  *  his sole and only beneficiary of insurance instead and in the place of said Sarah Schoenholz and thereafter cause such change to be made in such policy of insurance and plaintiff  * , *  * relying on the promise so made to her by said Harry Schoenholz and in consideration thereof did give her consent and agreement to marry  *  *  *  and pursuant thereto " they were duly married in the state of New York; " that in pursuance to the aforesaid agreement the said Harry Schoenholz duly assigned, transferred and delivered the policy to the plaintiff herein and that all of the premiums thereafter on said policy were duly paid by the plaintiff herein; " " that said policy was at all times since the assignment and still is in possession of the plaintiff herein." Said policy of insurance provided that any assignment thereof " must be made in duplicate and one copy filed with the Company at its home office; " also " when the right of revocation has been reserved (as was the case in this policy) the insured, if there be no existing assignment of the policy made as herein provided may  *  *  *  designate  a  new  beneficiary  *  *  * ·by

filing written notice thereof at the home office of the Company accompanied by the policy for suitable endorsement thereon; such change shall take effect when endorsed upon the policy by the Company and not before. If any beneficiary shall die before the insured the interest of such beneficiary shall vest in the insured." It is expressly found that the assignment of the policy to plaintiff was by· parol, and, therefore, it was not in accordance with the provision above quoted. No change in the designation of beneficiary in accordance with the provisions of the policy was· ever made or attempted before the death of the insured, which occurred in the state of New York. The beneficiary designated in the policy, the defendant Schoenholz, now is· and at all times has been a resident of the former Empire of Austria and on the ground that this was an action under the provisions of section 438 of the Code to exclude her " from a vested or contingent interest in or lien upon specific    *    *    *    personal property within the state " purported service of the summons was made ·upon her by publication, but she has never appeared in the action.

. ·Under these circumstances the defendant Insurance Company has urged two defenses to the action. The first is the one that the designated beneficiary is a necessary party to this action and that the action is not one *in rem* wherein jurisdiction can be obtained through service of the summons by publication as provided in section 438 above referred to; the second one is that plaintiff by the assignment from the insured referred to has not obtained any right to the moneys payable under the policy and that no proper steps were ever taken, as might have been, to substitute her as a  beneficiary under the policy in the place· of the original designated person. Assuming for the purposes of this discussion, without deciding it, that this was an action *in rem* wherein jurisdiction could be obtained by service of the summons by publication, we think that the other defense urged by the Insurance

Company interposes insuperable obstacles to a recovery by plaintiff.

The defendant Insurance Company undoubtedly has the right in its own behalf and independent of the rights of the original beneficiary to insist that the provisions of its policy for a change in beneficiary shall be complied with and that it shall not be liable to one who is in fact a stranger through failure to comply with such provisions. Under the specific provisions of the policy a mere assignment of it to plaintiff even though for value did not give her a right to succeed in this action. The insured had a well-defined interest in the policy which consisted in the right to have the amount of the policy paid to him in case he outlived the designated beneficiary. His assignment of the policy covered this interest and was in no sense a compliance with the provisions relating to a change of beneficiary. (*Muller* v. *Penn. Mut., etc., Ins. Co.,* 161 Pac. Rep. 148 [Supreme Court, Colorado]; *Johnson* v. *N. Y. Life Ins. Co.,* 138 Pac. Rep. 414; *Anderson* v. *Broad Street Nat. Bank,* 105 Atl. Rep. 599 [N. J. Chancery Court]; *Reid* v. *Durboraw,* 272 Fed. Rep. 99.)

Plaintiff, therefore, must rely for recovery upon a designation of herself in the place of the original beneficiary and this she neither shows nor excuses.

Undoubtedly the insured had a perfect right to cancel the designation of his sister as a beneficiary and substitute plaintiff or any one else in her place. While the rights of a beneficiary become vested upon the death of the insured without change (*Shuman* v. *A. O. U. W.,* 110 Iowa, 642; *Fink* v. *Fink,* 171 N. Y. 616) they are entirely contingent, uncertain and revocable during the life of the insured. Neverthless an insurance company has a right to insist that there shall be compliance with the provisions of its policy in order to accomplish such change except that the courts, in favor of one claiming to have been designated as a beneficiary for a valuable consideration, will excuse exact compliance with the

provisions of the policy where the attempt at such compliance has been substantial and its full success prevented by some cause not within the control of the person attempting to make the change. (*Johnson* v. *N. Y. Life Ins. Co.,* 138 Pac. Rep. 414; *Sullivan* v. *Maroney,* 78 Atl. Rep. 150; *Shuman* v. *A. O. U. W.,* 110 Iowa, 642; *Tidd* v. *McIntyre,* 116 App. Div. 602 and cases cited; *Lahey* v. *Lahey,* 174 N. Y. 146.)

If we should assume that this doctrine could be so extended as to help one who has acted upon the promise of an insured to designate him as a beneficiary, thereafter repudiated and broken, on the theory that equity will regard that as done which ought to be done, such assumption and doctrine will not come to the assistance of the plaintiff in this case. It not only does not appear that the insured on proper demand neglected and refused to procure the designation of plaintiff as a beneficiary in the place of his sister, but it affirmatively appears that plaintiff herself stood in the way of his effecting such a change of beneficiaries in accordance with the provisions of the policy. It is expressly found that at the time of the purported assignment the policy was delivered to her and thereafter remained in her possession. The insured could only effect a change of beneficiary by presenting the policy to the Insurance Company and having indorsed thereon such change. Thus the co-operation of the plaintiff was necessary to effect the change and there being no finding or the slightest evidence to indicate that she ever offered such co-operation or made any attempt to secure such change of beneficiary she cannot urge her own fault and lack of action as an excuse for failure to comply with the requirements of the policy. Instead of coming within the principle that equity will regard that as being done which ought to be done she comes under that other and equally recognized maxim that one cannot make his own fault and neglect the basis for relief.

In fact it seems quite apparent to us from the findings which have been made that whatever the exact transaction in respect to this policy was between plaintiff and her proposed husband as an inducement to marriage, it rested upon the idea that she would secure the benefits of the policy by an assignment thereof and that the necessity for a change in designation of beneficiary was not appreciated. While this misconception may result in an unfortunate miscarriage of purpose we do not see how it can now be corrected.

The order of the Appellate Division, therefore, should be affirmed and judgment absolute against plaintiff granted on her stipulation, with costs in all courts.

HOGAN, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO and POUND, JJ., dissent.

Order affirmed, etc.