NELLIE ORCUTT, Appellant, *v.* MODERN WOODMEN OF AMERICA, Defendant, Impleaded with MIRANDY DAY (MRS. HARRY DAY), Respondent.

Third Department, July 1, 1925.

Insurance — life insurance — change of beneficiaries — by-laws of insurer, benevolent association, permitted insured to change beneficiaries by executing surrender clause on back of policy, designating therein change desired and delivering policy with fee to clerk — insured was required to execute surrender clause in presence of clerk or to acknowledge same — by-laws provided that change would not be effective until new policy was issued during life of insured — insured, day before he died, signed surrender clause requesting that his wife be made beneficiary — said surrender clause, though received by clerk before death of insured, was not executed in accordance with by-laws and fee was not paid — beneficiary was not changed.

In an action to determine as between the widow and the mother of an insured the right to the proceeds of an insurance policy issued by a benevolent associa- tion, in which the wife's right depends upon whether or not the insured effectually substituted his wife as beneficiary in place of his mother, it must be held that a change of beneficiaries was not made, since it appears that the by-laws, while authorizing the insured to change the beneficiaries, provided that the change could be effected only by executing the surrender clause on the back of the policy designating the change desired and delivering the executed surrender clause to the clerk with the required fee, and that the change would not be effective until a new policy was issued in the lifetime of the insured; that the insured, the day before he died, signed the surrender clause on the back of the policy in which he designated the desired change and sent the same to the clerk without the required fee; and that the surrender clause was not executed by the insured in the presence of the clerk or acknowledged by the insured as required by the by-laws of the association.

The requirements of the by-laws of the association relating to a change of bene- ficiary were not substantially complied with, since the surrender clause was not executed as required and no fee was paid by the insured to the clerk, and, therefore, the beneficiary was not changed.

APPEAL by the plaintiff, Nellie Orcutt, from a judgment of the Supreme Court in favor of the defendant Mirandy Day, entered in the office of the clerk of the county of Washington on the 28th

day of January, 1925, upon the decision of the court rendered after a trial at the Washington Trial Term before the court without a jury.

*J. B. McCormick,* for the appellant.

*T. W. McArthur,* for the respondent.

VAN KIRK, J.:

The plaintiff, Nellie Orcutt, brought an action against the Modern Woodmen of America to recover $1,000 upon a benefit certificate issued by that defendant to the deceased, Earl W. Orcutt, January 9, 1908. A like action was brought by the defendant Mirandy Day. The defendant admitted its liability to the beneficiary legally entitled thereto. Upon stipulation the defendant in these actions paid the money into court, Mirandy Day discontinued her action and interpleaded in the action brought by Nellie Orcutt. When the certificate was issued, Earl W. Orcutt was unmarried, and Mirandy Day, his aunt, with whom he was living, was named the beneficiary. In January, 1915, he married the plaintiff.

The contract between the deceased and the Modern Woodmen of America consisted of his application for membership benefit, the certificate therefor issued to him and the by-laws of the association or order. By section 52 of the by-laws he was given power to change the beneficiary by complying with the terms of his contract. This section provided that a member, desiring to change his beneficiary, should execute the surrender clause on the back of the benefit certificate, designating therein the change desired, and deliver said certificate, together with a fee of fifty cents, to the camp clerk. The execution shall be either in the presence of the camp clerk and attested by him, or, if he cannot be reached, his acknowledgment may be taken by a person authorized by law to administer oaths, and the same then, together with the required fee, forwarded to the camp clerk. The surrender clause being so executed and the fee paid, the camp clerk shall forward the certificate and one-half the fee to the head clerk, who shall thereupon issue a new certificate payable to the beneficiary named in said surrender clause. " No change in the designation of beneficiary shall be effective until a new certificate has been issued by the Head Clerk and within the life time of the member. Any attempt by a member to change the payee of the benefits of his benefit certificate by will or other testamentary document, contract, agreement, assignment, or otherwise than by strict compliance with the provisions of this section shall be absolutely null and void." Section 44 of the by-laws is as follows: " No officer of this Society, nor any local camp, or officer or member thereof,

is authorized or permitted to waive any of the provisions of the By-laws of this Society which relate to the contract between the member and the Society, whether the same be now in force or hereafter enacted."

After his marriage the deceased lived with his family until his death and had possession of the policy until on or about April 24, 1923, when it was sent to the local camp clerk with a request for information as to what had to be done to change the beneficiary; the same was returned by Mr. Nichols with instructions. The certificate was again sent to Nichols by mail, and reached him at noon on the 8th day of May, 1923. The next mail by which Mr. Nichols could send this out was at noon of the following day, the ninth. When the policy was thus returned to Nichols, on May eighth, the " surrender clause " attached, requesting that the certificate be canceled and a new certificate issued in place thereof naming Mrs. Nellie Orcutt as the beneficiary, was signed " Earl W. Orcutt." It is not dated, attested, acknowledged or verified in any manner, and no fee accompanied it. Mr. Nichols learned of the death of the deceased on the morning of the ninth of May, the death having occurred at four o'clock that morning. He kept the certificate until he communicated with the head office of the association and then, under its direction, mailed it to the head office. No fee was ever paid for the issuing of a new certificate. After finding facts above stated, which the evidence supported, the court concluded that the certificate is a valid obligation running to the defendant Mirandy Day and that she is entitled to recover the amount due thereon.

We think the judgment must be affirmed. The deceased had the absolute right to change the beneficiary, but the method for accomplishing the change is prescribed by the by-laws and by them exclusively. For its own protection the association or lodge had a right to require compliance with its by-laws and, unless those were substantially complied with, the change of beneficiary could not become effective. It is urged by the appellant that if the insured has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will treat such certificate as having been issued. (Citing *Luhrs* v. *Luhrs*, 123 N. Y. 367.) But this conclusion can only be sustained when the member has complied with the requirements imposed in the by-laws on his part to be performed. In this case the deceased had entirely failed to comply with those requirements. The application for change of beneficiary was neither " attested by his camp clerk," nor was " his acknowledgment thereto " taken " by any person authorized by law to administer

oaths," nor was any fee ever paid. Every impulse would incline one to hold, if possible, that the wife and mother of the two children of deceased should receive the proceeds of the certificate; and it was apparently the intent of the deceased to make her his beneficiary; but the contract protects the beneficiary named in the certificate until the requirements imposed for the execution of the power to change the beneficiary have been fully complied with. (*Fink* v. *Fink*, 171 N. Y. 616.)

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.