EDWARDO STRIANESE, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

First Department, June 24, 1927.

Insurance — life insurance — change of beneficiary — policy provided for change while policy was in force on indorsement of insurer — mere execution by insured of request does not effect change.

A change of beneficiary in a life insurance policy is not effected by the mere execution of a request to make the change, which request is made one day prior to the death of the insured, where the change is not filed with the insurer and approved by it as required by the policy. The change must be approved while the policy is still in force.

APPEAL by the defendant, Metropolitan Life Insurance Company, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 18th day of September, 1926, denying defendant's

6

First Department, June, 1927.              '   [Vol. 221

motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Charles B. LaVoe* of counsel [*Edward M. Grout* and *Paul Grout,* attorneys], for the appellant.

*William Lyman* of counsel, for the respondent.

McAVOY, J.   The defendant's motion to dismiss the complaint in this action was denied.   The complaint alleges that the defendant insurance company issued a policy of insurance for $2,500 on the life of one Emil Strianese, plaintiff's brother, in which it was agreed to pay that sum to the beneficiary named in the policy on the death of the insured.   The policy granted the insured the right to change the beneficiary.

The insured expressed a wish to change the beneficiary so as to substitute the plaintiff in place of those who were named in the policy, and the complaint alleges that in accordance with the terms in the said contract the decedent duly executed in proper form a change of the beneficiary.

On December 20, 1925, the insured died.   Proofs of death were filed with defendant.   The change of beneficiary was executed by the insured on December 19, 1925, which occurred on a Saturday while the office of the defendant was closed.   He died on the following day, Sunday, and on Monday the said change of beneficiary was presented at the defendant's home office and a demand made that the plaintiff's name be inserted in the policy as the new beneficiary and the amount of the policy be paid to him.   This was refused.   Plaintiff then alleges that he has no remedy at' law and judgment is demanded that defendant be compelled to insert plaintiff's name in the policy as beneficiary and that it be required to pay him the amount due.

The policy provides for the payment of its amount to certain nephews and a niece named therein.

The right to change the policy reads as follows: " The insured may (while the policy is in force) designate a new beneficiary, with or without reserving right of change thereafter, by filing written notice thereof at the home office of the company accompanied by the policy for suitable endorsement.   Such change shall take effect upon the endorsement of the same on the policy by the company and not before."

It is obvious that this request to change the beneficiary was not made at the time nor in the manner provided for in the policy. The insured must make it while the policy is in force and it must be accomplished by filing written notice thereof at the home office of the company.   The change takes effect only upon the

indorsement of the same on the policy by the company and not before.

In the recent case of *Schoenholz* v. *N. Y. Life Ins. Co.* (234 N. Y. 24) the ruling in an instance similar to the present cause runs against plaintiff's contention. In that case while there was no formal assignment of the policy or request for a change of beneficiary in writing made by the decedent, the insured died and assigned the policy to plaintiff by delivering the same to her. That policy provided that it could only be assigned by filing a written assignment with the company and the method of changing the beneficiary was prescribed in the same manner as set out in the policy now here. The court there held that the defendant insurance company undoubtedly has a right in its own behalf and independent of the rights of the original beneficiary to insist that the provisions of its policy for a change in beneficiary shall be complied with and that it shall not be liable to one who is in fact a stranger through failure to comply with such provisions, and it said: " While the rights of a beneficiary become vested upon the death of the insured without change  \*  \*  \*  they are entirely contingent, uncertain and revocable during the life of the insured."

This was but a reiteration of the doctrine of *Orcutt* v. *Modern Woodmen of America* (213 App. Div. 530), which also ruled: " But the contract protects the beneficiary named in the certificate until the requirements imposed for the execution of the power to change the beneficiary have been fully complied with. (*Fink* v. *Fink*, 171 N. Y. 616.) "

The rights of the beneficiary under these decisions, therefore, become fixed on the death of the insured, and neither the insurance company nor the court can divest the beneficiary of his rights by any act done after the death of the insured.

The complaint alleges the delivery to the defendant of the insured's request to change the beneficiary on the day after his death and at a time when the policy was no longer in force but had become a liquidated demand in favor of the beneficiary named in the policy. It appears on the complaint's face itself that the insured had not substantially complied with the provisions of the policy which were requisite to change the beneficiary nor had he done all in his power to do so, and, therefore, the vested rights of the original beneficiary cannot be now impaired.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.