In the Matter of the Estate of SIDNEY SCHIFFER, an Infant.

Surrogate's Court, New York County, January 7, 1930.

*David L. Michaelson*, for the petitioner.

*Alice Dillingham*, special guardian.

FOLEY, S. In this accounting proceeding a question arises as to the validity and efficacy of a written change of beneficiary of a policy of life insurance made by the decedent shortly before her death. The instrument was dated April 28, 1929, and read: " Be it known that I, Sarah Schiffer, do hereby wish to change the beneficiary of my life insurance policy (NP. 5004936-A, Metropolitan Life Insurance Company) from my son, Sidney Schiffer, to my husband, Max Schiffer, without any restrictions whatever." It was subscribed by the decedent and witnessed. The son Sidney

is an infant about nine years of age. The special guardian representing his interests contends that the instrument was ineffective since it was not filed with the company before the death of the insured and, further, the change of beneficiary was not indorsed upon the policy as required by its terms. It is conceded that up to the date of death, which occurred on May 13, 1929, the written instrument was not presented to the company and that the policy remained in the possession of the decedent. Under these circumstances I hold that the decisions in *Schoenholz* v. *New York Life Ins. Co.* (234 N. Y. 24) and *Strianese* v. *Metropolitan Life Ins. Co.* (221 App. Div. 81) support the conclusion that the proceeds of the insurance are the property of the infant. In the *Schoenholz* case the policy, as here, required the filing of the change of beneficiary with the company and indorsement of the policy. The assignment was by parol. It was held that the new designee was not entitled to recover against the insurance company because of the failure to comply with the conditions of the policy. In the *Strianese* case the change of beneficiary was made in writing the day before death and presented to the company on the day afterwards. The form of the policy was exactly similar to the provisions of the policy involved in this estate. The Appellate Division of the First Department held that the change of beneficiary was not made in the manner provided for in the policy, and that, since the rights of the original beneficiary became fixed at the death of the insured, the change was futile and the court could not divest the original beneficiary " of his rights by any act done after the death of the insured." (*Fink* v. *Fink*, 171 N. Y. 616; *Orcutt* v. *Modern Woodmen of America*, 213 App. Div. 530; *Seavers* v. *Metropolitan Life Ins. Co.*, 132 Misc. 719.) In my opinion the rule laid down in the *Strianese* case has not been limited to a dispute between the second beneficiary and the insurance company. Its logic and reasoning make it equally applicable to a proceeding such as this, involving the conflicting claims of the original and the alleged new designee. (*Orcutt* v. *Modern Woodmen of America, supra.*)

In the present case it has real efficacy because of the suspicious circumstances surrounding the change, its presentation to the company only after death, and because of the conduct of the father in applying for appointment as general guardian, as if the proceeds of the policy belonged to the infant. It was only after this event that his adverse claim to individual ownership was asserted. The father contends, however, that the insured, by the execution of the paper, had done all that it was possible for her to do to effect the change of beneficiary. His counsel cites certain

authorities which have recognized the new designation or assignment where such circumstances exist. (*White* v. *White*, 194 N. Y. Supp. 114; *Luhrs* v. *Luhrs*, 123 N. Y. 367; *Lahey* v. *Lahey*, 174 id. 146; *Hall* v. *Prudential Life Insurance Co. of America,* 132 Misc. 162.) These authorities, however, are not applicable to the situation here. They involve circumstances where the policy had been lost, and, although the new designation had been properly filed, it was impossible to secure the indorsement to the original policy (*Matter of Lynch's Estate*, 237 N. Y. Supp. 663, WINGATE, S.), or where the designation had been delivered to the company before death and the indorsement had not been completed by the company. These exceptions to the general rule, requiring compliance with conditions of the policy, are also mentioned in the opinion in the *Schoenholz Case* (234 N. Y. 24, 29), as follows: " The courts, in favor of one claiming to have been designated as a beneficiary for a valuable consideration, will excuse exact compliance with the provisions of the policy where the attempt at such compliance has been substantial and its full success prevented by some cause not within the control of the person attempting to make the change."

None of these elements is present in the existing proceeding. The policy was in the family apartment where it was available for presentation to the company for indorsement by either the father or his oldest son, who drew the instrument which named the new beneficiary. The change of beneficiary was never delivered to the company before the death of the insured. No valuable consideration supports the change of beneficiary. The equities in favor of the father are subordinate to those which may be invoked in the infant's behalf. While the purpose of the decedent to effect a change from the son to the father may be clear, the failure to comply with the requirements has defeated it. As stated by Chief Judge HISCOCK, in *Schoenholz* v. *New York Life Insurance Co.* (*supra*, 234 N. Y. 31): " While this misconception may result in an unfortunate miscarriage of purpose we do not see how it can now be corrected."

Submit decree on notice holding that the proceeds of the insurance policy are the property of the infant and directing delivery thereof to his general guardian.