OCTAVIA MARSHALL, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY and Others, Defendants.

Municipal Court of New York, Borough of Queens, Fourth District, January 23, 1933.

*Wood & Marshall [Clifford Marshall* of counsel], for the plaintiff.

*Henry C. Frey,* for the defendant.

PETTE, J. Plaintiff sues to recover $500, the proceeds of a life insurance policy issued upon the life of Maude Williams, whose

husband, Izah, was named beneficiary upon the face of the policy. The only litigated issue is whether the plaintiff, who is a sister of the assured, had been substituted as beneficiary by the assured.

On December 28, 1931, Maude Williams wrote to the defendant at its home office a letter in her handwriting as follows:

" 109 Union Hall St.
Jamaica, New York
*Dec.* 28, 1931

" Metropolitan Life Ins. Co.
" 1 Madison Ave.
" New York.

" Dear Sir: I Mrs. Maude Williams wishes to change my policy beneficiary from my husband Mr. Izah Williams to my sister Mrs. Octavia Marshall, address 107-23, 160th St., Jamaica New York."

Here follows a line in these words: " The for me to canghe is cruelty."

While not definitely clear, the words may readily be interpreted as stating that the reason she was making the change was cruelty by her husband. The word " canghe " appears to be a mispelling of " change." The letter continues:

" Obligingly yours
" Mrs. MAUDE WILLIAMS.

" P. S. Mail my policy to
Mrs. Octavia Marshall
107-23, 160th
Jamaica, New York."

It appears that the insured intended to go to live with plaintiff, her sister, after she should come out of the hospital to which she was going when the latter was written.

Together with the above letter, the assured sent the policy, and both were received at the home office of defendant on December 29, 1931, as appears by the stamped indorsements thereon made by defendant's " Beneficiary and Assignment Section."

On or about January 11, 1932 (the date appearing on the envelope), defendant's " Beneficiary and Assignment Section " answered the assured by a partly printed and partly written letter addressed to the new address given by the assured in her said letter, as follows:

" Mrs. Maude Williams·
" 107-23 160th Street
" Jamaica L. I. NY

" We have received your policy and written notice designating as the beneficiary Octavia Marshall Sister.

" The policy has been endorsed, and we have assumed, in the

absence of any direction to the contrary, that you desire to reserve the right to make further changes without the consent of the new beneficiary. If this is not your intention, please tell us so, and we will make proper notation.

" As the expression of your desire should be made a matter of record, please complete and sign the enclosed form, have it witnessed, mail the form to this office and the policy will be returned.

" Yours truly,

" A. SOLVAY

" *Section Manager.*"

The form sent by the company is form 093. The assured filled in the blanks as completely as possible. On the first line, which states " I hereby designate," the assured first wrote her own name, and then, apparently realizing the mistake, wrote " Mrs. Octavia Marshall " directly over it. The relationship of Mrs. Marshall is stated, and her age is given. The address is stated. The blank space concerning the right of revocation is filled in. The document is then dated as January 17, 1932, signed and witnessed; and at the lower right corner in the space provided therefor the address of the sister is given as that to which all future communications are to go, and the signature of the assured again appears. In fact, all of the writing upon this form is in the handwriting of the assured in ink, excepting the sister's age, which is in pencil. Her first letter, written in ink, requesting the change of beneficiary, is also in her handwriting as above stated. Plaintiff's testimony to that effect is undisputed. This form was also mailed to the company's home office, was retained by defendant, and was produced upon the trial by its counsel.

After the receipt by defendant of plaintiff's Exhibit 5, there followed four communications, each addressed to the assured in care of Octavia Marshall at the new address, whereby the company requested the assured to fill out a new form because plaintiff's Exhibit 5 had " not met with our approval as we note that errors appear in reference to the name of the person whom you desire to designate as the beneficiary of this policy. We also note that errors appear in reference to the words ' with ' or ' without ' the right of revocation." (See plaintiff's Exhibit 9, letter dated January 22, 1932.) The only error as to the name was that assured had at first written her own name as beneficiary, as above stated. As to the right of revocation, it appears that the word " without " had been written in pencil, and then the word " with " is written in ink over the penciled word. No new form was ever executed, and assured died on February 12, 1932.

It is to be noted that the company retained the policy, the letter

which had accompanied it and the form, plaintiff's Exhibit 5, and still had them in its possession when assured died. They were produced by it upon the trial.

Proofs of death were filed by Izah Williams, decedent's husband, as the beneficiary designated upon the face of the policy, about February 24, 1932. On May 4, 1932, defendant issued its check to said Izah Williams, who cashed it and paid the funeral expenses of about $400, and also bought a burial plot.

Thereafter, on May 12, 1932, plaintiff, through her attorneys, made claim for the insurance money and requested the usual forms upon which to submit her claim. The claim was rejected and this action followed. While decedent's husband is named as defendant, he was not served.

The court is to determine whether there had been a valid change of beneficiary, vesting the proceeds of the policy in plaintiff. While a decision adverse to the company may be a hardship upon it, since it has already paid the insurance money to decedent's husband, yet responsibility therefor lies only with the company.

It is difficult to understand, in view of all the transactions concerning the change of beneficiary, how the company proceeded to make payment to the husband without in some manner protecting itself against double payment. Defendant's position here is that no change of beneficiary was actually effected. Even if that were so, it is a matter of common experience, whenever there is a possibility of more than one claimant, that insurance companies wait until suit is brought, or pay the amount into court of their own motion. Defendant's learned counsel has industriously submitted its contention and this decision comes about certainly through no fault of his upon the trial. The court is bound to determine the rights of the parties in terms of law only, without regard to considerations extraneous to the contract of insurance.

The right to change beneficiary is reserved to the assured upon the face of the policy. By the terms of the change of beneficiary clause it is provided:

" 6. Change of beneficiary:— When the right to change the beneficiary is reserved, and if there be no written assignment ·of this Policy on file with the company, the Insured may (while this Policy is in force) designate a new beneficiary, with or without reserving the right of change thereafter, by filing written notice of this change at the Home Office of the Company accompanied by this Policy for endorsement of the change thereon by the Company. No such change shall be effective unless and until it is so endorsed on the Policy, but upon such endorsement the change will

be deemed to have been made as of the date the Insured signed said written notice of change whether the Insured be living at the time of such endorsement or not, * * *."

The requirements to change beneficiary are two: (1) Filing a written notice at the home office, (2) accompanied by the policy. The assured is not called upon to do anything more. The indorsement upon the policy is to be made by the company. Defendant's counsel urges that the change had not been completed because, *first,* the request was not made upon a " duly executed " form, satisfactory to the company, and *second,* that the change had not been indorsed upon the policy. I am unable to agree with that contention.

No special form of notice or writing is required to notify the company. A " written notice " is sufficient. It may be on any paper and written in ink, pencil, typed, printed or prepared by any other means, and for aught that appears, in any language, so long as the writing intelligibly conveys the desire of the assured to make a change in favor of a definite person. The letter written by the assured is clear and specific enough, and wholly fulfilled the requirement as to " written notice." It sets forth the information or data required by the contract. The policy accompanied the letter. The company acknowledged their receipt by plaintiff's Exhibit 7, which states: " The policy has been endorsed." The exhibit further says that the company had assumed that she desired to reserve the right to make further changes of beneficiary, and goes on: " If this is not your intention, please tell us so, and we will make the proper notation." That is, the assured was to notify defendant *only* with respect to a further change. The form which was forwarded to the assured, by the very language of plaintiff's Exhibit 7, was intended only to complete the records of the company in that regard. But the change of beneficiary from the husband to plaintiff had been consummated as definitely as it could ever be. The right to change beneficiary was absolutely reserved to the insured. It was not conditioned upon the approval of the company. When the letter by the insured and the policy reached the home offices, on December 29, 1931, the requirements of the contract were fully satisfied and the change became operative at once.

The right of the new beneficiary to the proceeds thereupon immediately accrued. She was not a stranger, but a sister of the assured, and as such not only had an insurable interest, but the change seems to be supported by valuable consideration, in that the assured was sick at the time, was about to be confined to a hospital (where she died), and expected to make her home with her sister, the new beneficiary, upon her discharge from the hospital.

In such a case, involving consideration, even if there had not been an exact compliance with the terms of the policy, the courts would excuse the failure, upon the principle that since during the lifetime of the insured the rights of a beneficiary are entirely contingent, uncertain and revocable, and although the company has the right to insist upon full compliance, yet, where there is substantial compliance and the change is not fully accomplished owing to causes not within the control of the insured, equity will regard that as done which ought to be done. (*Schoenholz* v. *N. Y. Life Ins. Co.,* 234 N. Y. 24.) *Lex judicat de rebus necessario faciendis quasi re ipsa factis.*

Here the insured did all that was in her power to do. She filed the letter and the policy at defendant's home office. That the company did not in fact make the indorsement on the policy cannot affect the change of beneficiary which had already been effectuated by the filing of the letter and the policy. That the insured fully intended to make the change is demonstrated by the more formal request on the form, which is substantially full and complete. The provision concerning the indorsement is for the protection of the company only and neglect on its part to make the notation cannot defeat the change which had become operative. The indorsement was a ministerial act only, and would have constituted written evidence of the change which had taken place, but could not grant any right or detract from the rights which had already accrued to the beneficiary. The law on the subject is well settled, and is controlling of the issues at bar. (*Luhrs* v. *Luhrs*, 123 N. Y. 367; *Matter of Chatham Phenix Nat. Bank*, 232 App. Div. 598; *Matter of Lynch*, 135 Misc. 436; *Hall* v. *Prudential Ins. Co.*, 132 id. 163, and authorities referred to in said cases.) In the *Hall* case, just cited, the Supreme Court in reviewing several judicial rulings in point, says: " The courts, therefore, hold that where the right to change beneficiaries is reserved to the insured the insurer cannot in the slightest degree question the revocation of the former beneficiary, or question the selection of the substituted beneficiaries, and the noting of the change on the policies is but a ministerial act. Consequently it is held that where the insured has done on his part all that is required to be done to effect a change of beneficiary the change becomes operative and cannot be defeated by the omission or neglect of the insurer to act on its part."

I, therefore, conclude that plaintiff's right to the proceeds of the policy became effective as against the prior beneficiary when the first request and the policy were delivered to the defendant's home office through the agency of the post office on December 29, 1931, and that thenceforth and until the death of the insured on February

12, 1932, plaintiff was the sole beneficiary and as such entitled to the insurance. Judgment is, therefore, granted in favor of plaintiff.

In the face of the payment already made to the husband, I have reached this conclusion with a considerable degree of reluctance, although I am convinced that the law upon the situation, dealing as it does with vested rights, wisely ordains that the courts shall preserve and enforce them. The facts here are such that not even a court of equity could grant relief. Defendant is responsible for its own predicament. The obligation of its contract is fixed and absolute, and the courts must enforce it according to its terms. A judge's own desires or sentiments must give way to the exact letter of the law. (*Judex bonus nihil ex arbitrio suo faciat, nec propositione domesticæ voluntatis, sed juxta leges et jura pronunciet.*) It is only by so doing that justice can untimately prevail. (*Legis minister non tenetur, in executione officil sui, fugere aut retrocedere.*)

Judgment for plaintiff.