In the Matter of the Estate of GUISEPPA BONGIOVANNI, Deceased.

Surrogate's Court, New York County, June 2, 1933.

*Sidney L. Teven*, for the administratrix.

*Simon B. Kopp*, for the respondent.

FOLEY, S. The disposition of the issues in two separate proceedings is involved in this decision. Both proceedings were heard in a single trial.

The first is a discovery proceeding wherein the administratrix seeks to recover the proceeds of an industrial insurance policy issued by the Prudential Insurance Company of America upon the life of the decedent, which were collected by the respondent, in the sum of $484. The policy was in the usual form of industrial insurance and provided that in consideration of the payment of the weekly premiums the amount of insurance will be paid " to the executors or administrators of the insured " unless payment be made under the " facility of payment clause " contained in the policy. The nature of these policies and the effect of the clause were defined in *Zornow* v. *Prudential Ins. Co.* (210 App. Div. 339) and in *McCarthy* v. *Prudential Ins. Co.* (252 N. Y. 459). (See, also, *Matter of O' Neill*, WINGATE, S., 143 Misc. 69.)

The decedent died on February 10, 1930. It appears that on September 26, 1928, she signed a printed instrument upon a form prepared by the insurance company in which it is stated: " I * * * request and authorize " the company to pay the amount of the benefits specified in the policy to Casper Bongiovanni, her nephew and the respondent herein. This authorization was not presented to the company until after the death of the insured when it was submitted with the proof of death and with claimant's demand for the payment of the proceeds of the policy. So far as the evidence discloses, the authorization or the policy was never delivered to the respondent before the death of the decedent, and the respondent appears to have had no knowledge of the execution of the authorization. All the premiums on the policy were paid by the decedent. The claim of the respondent is that the effect of the instrument was a designation of himself as beneficiary which entitled him to the absolute payment of the proceeds free from any claim of the administratrix. His contention must be overruled.

The insurance company, in its treatment of this and other similar authorizations, has refused to recognize the instrument as the designation of a specified beneficiary entitled to the collection of the proceeds as against the estate. It does not regard such an instrument as a revocation of the original designation in the policy of the administrator or executor as the primary beneficiary. It treats the individual designated to collect the proceeds, under the authorization, as a person within the group of those to whom payment may be made pursuant to the facility of payment clause. The terms of the printed authorization sustain this construction.

The policy is primarily intended to be payable to the executor or administrator of the estate of the insured. The printed authorization contains the following provision: " It is mutually agreed and understood, however, that nothing herein is to vary in any manner any of the provisions, agreements or conditions contained in said policy and the application therefor, especially the provision in the policy that the Company may make any payment provided for in the policy to any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same, anything herein to the contrary notwithstanding." It will be noted, first, that the form of authorization does not change the primary beneficiary — the representative of the estate — (*McCarthy* v. *Prudential Ins. Co.*, *supra*), and *second*, despite the written designation of the authorized person, it permits the company to make payment to any person within the group defined in the facility of payment clause.

The significant indication of the attitude of the company and of the conduct of the respondent toward the written authorization is disclosed by the evidence in this case. In the proof of claim filed by the respondent he stated that he had paid the premiums on the policy. That statement was untrue, for it was conceded upon the trial that his aunt, the decedent, paid all of them. Moreover, instead of claiming payment as a designated beneficiary the company required him to set forth whether or not he had paid the " burial expenses " and he stated over his signature that he had done so. The funeral expenses had actually been paid by him. His claim, however, was no different from that of a person, entitled to payment under the facility of payment clause, who had paid the burial expenses and sought payment from the company upon that ground.

Under all these circumstances I find that the administratrix is entitled to the payment of the proceeds of the insurance as between herself, as the representative of the estate, and the respondent. My determination is necessarily confined to the facts in the present proceeding and the specific form of the policy and written authorization. Other companies, particularly the Metropolitan Life Insurance Company, follow a different rule and appear to recognize the designation by the insured of a specific beneficiary. Cases involving the effect of such designations are not applicable here.

Additional ground for the conclusion reached by me may be ound in the failure to file the form of authorization with the company before the death of the insured. At the time of death the right of the administratrix to the proceeds of the policy became fixed. In such a situation it has been held that the court cannot

" divest the beneficiary of his rights by any act done after the death of the insured." (*Strianese* v. *Met. Life Ins. Co.*, 221 App. Div. 81; *Fink* v. *Fink*, 171 N. Y. 616; *Matter of Schiffer*, 135 Misc. 830; *Seavers* v. *Met. Life Ins. Co.*, 132 id. 719; *Orcutt* v. *Modern Woodmen of America*, 213 App. Div. 530.) The authorities cited by the respondent (*White* v. *White*, 194 N. Y. Supp. 114; *Matter of Degenhardt*, 123 Misc. 762, and *Matter of O' Neill*, 143 id. 69) involved a form of designation different from the form of authorization in the pending proceeding, or related to the recognition of equities which are absent here.

Upon the evidence I also hold that there was no equitable assignment of the policy in dispute here. No claim of a gift to the respondent has been asserted.

The respondent has separately appeared in the accounting proceeding and claims reimbursement for the funeral expenses. The amount will be allowed as a setoff. The amount collected by him from the insurance company was less than the amount expended by him for the funeral expenses. The difference between the amounts will be allowed as a valid claim against the estate. His remaining claim for other expenditures is allowed in the sum of seventy-three dollars and thirty-three cents.

The compensation of the attorney for the administratrix and his disbursements will be fixed upon the settlement of the decree. The amended and corrected schedules of the account are directed to be filed by June 9, 1933, in accordance with the instructions of the surrogate.

Submit decree on notice determining the discovery proceeding and decree settling the account in accordance with this decision.