HENRY PATENT, Plaintiff, *v.* TRAVELERS INSURANCE COMPANY, Defendant.

Municipal Court of New York, Borough of Queens, Fourth District, April 14, 1937

MOTION by defendant for summary judgment.

*I. Robert Shniper* [*Martin M. Kolbrener* of counsel], for the plaintiff.

*Moran, Galli & McGlinn* [*James J. Vaughn* and *Anthony J. Busicco* of counsel], for the defendant.

KEITH, J. This is a motion for an order for judgment dismissing the complaint of the plaintiff pursuant to rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act. The motion was heretofore granted by me upon the moving papers, no one appearing in opposition, but thereafter it was stipulated between the parties that the motion should be heard again before me upon the merits and pursuant to this stipulation, argument was had before me.

The defendant urges as the principal ground on which the complaint should be dismissed and the defendant have summary judgment, *first,* that the assignment from the insured under which the plaintiff claims is of no effect for the reason that it appears that the assignment was not made by an instrument in writing indorsed upon the policy or attached thereto and that no such written instrument was ever furnished to the company and that no change of beneficiary or written consent thereto was ever indorsed upon the contract of insurance nor attached thereto: *second,* that the insured on November 23, 1935, made a written application to the defendant for reinstatement of the policy and that in the application for reinstatement, the insured stated that he was making the application for reinstatement of the policy of insurance " *which lapsed for non-payment of premium;* " in said application the insured also stated that he was in good health and that within the past five years he had not suffered from any bodily disease or infirmity other than the removal in October, 1932, of his left eye for a tumor the nature of which was stated by him to be unknown. On the same date as the application the insured was examined by Dr. John R. Le Compte, medical examiner for the company. The medical examiner found that, in addition to the loss of the left eye, the assured was in bad health as more fully set forth in his annexed affidavit. The evidence of insurability, therefore, was not satisfactory to the company, and they declined to reinstate the policy.

As to the first objection, defendant is correct in its contention, as it appears affirmatively that the original assignment by the insured to the plaintiff was found lying among the papers of the insured several days after his death. The provision in the policy requiring the assignment to be in writing and attached to the policy

and given to the insurance company was made for the benefit of the company, and the company is within its rights in insisting upon compliance with the terms of the policy. (See *Strianese* v. *Metropolitan Life Ins. Co.*, 221 App. Div. 81; *Schoenholz* v. *New York Life Ins. Co.*, 234 N. Y. 24; *Fink* v. *Fink*, 171 id. 616.)

The case of *Rothstone* v. *Norton* (231 App. Div. 59) is not in point, as in that case it clearly appears that the insurance company saw fit not to insist upon this clause in its policy, but to let the two claimants fight the matter out between themselves. In the instant case the defendant does not waive the clause in its policy in regard to assignments, but strenuously insists upon the enforcement thereof.

If this were the only objection raised to plaintiff's complaint, however, and the only reason for the motion for judgment thereon dismissing the same, I would be inclined to deny the motion. While the assignment from the insured to the plaintiff is of no effect for the reasons above stated, the plaintiff now shows in his affidavits that he has an assignment from the beneficiary under the policy. It is true that this assignment from the beneficiary was under date of November 18, 1936, which is two days after the summons and complaint in this action were served, and the plaintiff could not avail himself of it in this action were it not for the provisions of the amendment to the Civil Practice Act contained in section 245-a of the Civil Practice Act. By this section the plaintiff may move for leave to serve a supplemental complaint for the purpose of pleading facts which have originated since the filing of the original complaint. Had the plaintiff moved for permission to serve a supplemental complaint, therefore, and alleged the assignment from the beneficiary, he would be permitted to do so, and since he may be entitled to such relief, it would be unfair to grant this motion were it not for the second point raised by the defendant which is even, if anything, more serious than the first objection urged.

In my opinion, the defendant is correct in its second contention — that the provisions of section 92 of the Insurance Law have no application to the facts of the instant case. This is not an action where the defendant sets up the defense that the policy is lapsed and would, therefore, be required to prove that the notice required under section 92 of the Insurance Law had been served. The defense of the defendant is not that the policy has lapsed, but rather that the insured applied for reinstatement of the policy and failed to pass the medical examination given him by the terms of the insurance policy upon his application for reinstatement. By applying for reinstatement, the insured agreed with the company that

the policy had lapsed. The agreement is binding upon him, and he is barred from thereafter saying, after applying for reinstatement and a physicial examination, that the policy had not lapsed. The reason for that is clear. By the terms of the policy of insurance he would not be entitled to another physical examination or a reinstatement unless the policy had lapsed. He may not blow both hot and cold — in one breadth say " the policy has lapsed, and I, therefore, wish reinstatement under the terms of my policy after a new physical examination," and, when he fails to pass that physical examination, to come in and say, " well, my policy has not lapsed after all." This is borne out by the following cases: *Teeter* v. *United Life Ins. Assn.* (159 N. Y. 411); *Levitt* v. *Prudential Ins. Co.* (150 Misc. 754).

The motion of the defendant will, therefore, be granted.