## In the Matter of the Estate of MICHAEL KOZUSKO, Deceased.

Surrogate's Court, New York County, October 16, 1941.

*Isaac Schoor*, for the petitioner.

*Weit & Goldman*, for the Prudential Insurance Company of America, respondent.

*Abraham S. Rauch*, for Lena Moskowitz, Joseph Moskowitz and Abraham S. Rauch, respondents.

FOLEY, S. In this discovery proceeding dispute has arisen over the proceeds of certain industrial policies written by the Prudential Insurance Company of America upon the life of the decedent.

One of the respondents, Joseph Moskowitz, contends that he is entitled to payment of all of the moneys under his claim that he was designated as a beneficiary by an instrument signed by the decedent on August 14, 1930. Lena Moskowitz, another respondent, contends that she is entitled to part of the proceeds because she paid the premiums on them out of her individual funds over a period of several years. The executor claims to be entitled to all of the moneys due from the insurance company as estate assets.

(1) The surrogate upon the evidence disallows the claim of Joseph Moskowitz under his contention that he was a designated beneficiary. The insurance company, in its treatment of this and other similar " requests to pay " has refused to recognize the instrument as a valid designation of a specific beneficiary entitled to the collection of the proceeds as against the estate. It has elected to pay the executor as the legal representative of the estate under the facility of payment clause contained in the policies. Where no express promise is made by the insurance company to pay any designated person, the legal representative " is the party to sue and may compel payment." (*Howell* v. *John Hancock Mut. Life Ins. Co.*, 286 N. Y. 179, 185.) An examination of the terms of the instrument which is commonly described as a " request to pay " sustains the position of the insurance company. It was a mere authorization. It was never presented to the company during the lifetime of the decedent. It was plainly revocable by him and conferred no vested interest in Joseph Moskowitz, the person designated in it. Moreover, the instrument expressly permitted the company to make payment at its option to any person within the group defined in the facility of payment clause. Counsel for the respondent Joseph Moskowitz concedes that it is not an equitable assignment. Even without the concession, the surrogate would so hold. In a situation generally similar in its facts, I held that the request to pay was not effective and that the legal representative of the estate was entitled, unconditionally, to the proceeds of the insurance. (*Matter of Bongiovanni*, 147 Misc. 830.)

(2) A different question is presented as to the claim of the respondent Lena Moskowitz, the mother of Joseph. Upon the factual evidence the surrogate finds that the respondent paid the premiums upon the policies from her own funds as claimed and testified to by her. The contradictory testimony of the agent of the insurance company, Mr. Holub, that the decedent paid most of the premiums is rejected as unworthy of belief. The total amount of premiums

paid by Lena Moskowitz is $625.55. She is entitled to an equitable lien to that extent upon the proceeds of the policies. (*McCarthy* v. *Prudential Ins. Co.*, 252 N. Y. 459; *Nolan* v. *Prudential Ins. Co.*, 139 App. Div. 166.) This amount must be paid to her by the executor out of the insurance moneys received from the company immediately upon their receipt. The policies are directed to be delivered to the executor for the purpose of making collection from the company.

(3) After the satisfaction of the amount due under the equitable lien just stated, the balance of the funds may be retained as general estate assets.

(4) The contention of the insurance company that there was a misrepresentation of the age of the decedent in the applications for the policies is conceded by all the parties. The true date of his birth is found to be November 22, 1875. The adjustment of the amount due as proceeds of the policies must be made in accordance with the answer of the company, and the total amount due is $807.40.

Submit decree on notice accordingly.