## FOURTH DEPARTMENT, DECEMBER, 1944.
### (December 29, 1944.)

HAZEL M. SPIELER, Appellant, *v.* MAE E. BURLEY, Respondent.

Judgment affirmed, with costs.

TAYLOR, J. (dissenting). This case involves a controversy over $10,000, being one half of the proceeds of a group insurance policy upon the life of Charles E. Spieler, who died on November 12, 1942. The plaintiff-appellant is the widow of the decedent and the named beneficiary in the insurance certificate that was issued pursuant to the terms of the policy. The defendant-respondent, who was substituted as defendant in this action in place of the insurer, by order made pursuant to section 287 of the Civil Practice Act claims that, prior to his death, the decedent made her a beneficiary under his $20,000 policy to the extent of $10,000. The judgment under review rests upon the trial court's findings to the effect (1) that decedent, who was living separate and apart from plaintiff, had agreed to make defendant a beneficiary in his life insurance policy to the extent of $10,000, if she would become his housekeeper, (2) that defendant entered upon her duties as housekeeper of decedent on or about April 15, 1942, and decedent delivered to her his insurance certificate and (3) that decedent, to the best of his ability, endeavored to complete — and did complete — a change of beneficiary in the sum of $10,000 in said policy or certificate of insurance for the benefit of defendant, by means of an instrument in writing, as follows:

" I, Charles E. Spieler, do hereby will to Mae E. Burley, Ten Thousand ($10,000.00) dollars, which is one-half of a Metropolitan Insurance Company policy. Also any balances remaining in any banks which may be credited to my account. Also the property located at 65 Norman Road, Brighton, New York, known as lot No. 21. This includes all buildings, fixtures, household goods, furniture and automobile.

" Any United States Government bonds I may have are to go to Lucille Spieler.

Signed   CHARLES E. SPIELER.

Sworn and Subscribed to before
me this 26th day of June, 1942.
    WILLIAM T. NAYLON,
        Notary Public."

Under the policy, the right to change the beneficiary was reserved to the insured but the policy provided that such change should be made by filing written notice thereof with the employer, accompanied by the certificate, and that such change should take effect upon indorsement thereof by the employer on such certificate and, unless the certificate is so indorsed, the change shall not take effect.

Concededly, the purported will was found among decedent's private papers after his death and the insurance certificate was, at all times, in the possession of either decedent or defendant. The record is devoid of proof that decedent, or any person on his behalf, ever made application to his employer, or to the insurer, to procure the inclusion of defendant as a beneficiary of his insurance. The credible evidence merely establishes that decedent intended to devise one half of the proceeds of his policy to the defendant. " The contract creating the power to appoint another beneficiary protects the existing beneficiary until the forms imposed upon the execution of the power have been substantially complied with." (*Fink* v. *Fink*, 171 N. Y. 616, 623; see, also, *Schoenholz* v. *New York Life Ins. Co.*, 234 N. Y. 24; *Strianese* v. *Metropolitan Life Insurance Co.*, 221 App. Div. 81; *Seavers* v. *Metropolitan Life Insurance Co.*, 132 Misc. 719; *Matter of Pastore*, 155 Misc. 247.)

The judgment should be reversed on the law and facts, and judgment granted in favor of the plaintiff-appellant, with costs. Certain findings of fact should be reversed and certain conclusions of law disapproved.

All concur in decision except Taylor, J., who dissents in an opinion and votes for reversal and for granting judgment in favor of plaintiff. Present — Cunningham, P. J., Taylor, Dowling, Harris and Larkin, JJ.

Judgment affirmed, with costs.