In the Matter of the Estate of ANNA PIERUG, Deceased.

Surrogate's Court, Erie County, January 10, 1950.

*Joseph Ambrusko* and *Heffren J. Cohen* for John Lucas, as executor of Anna Pierug, deceased, petitioner.

*Richard A. Grimm* for Helena Smaczniak, respondent.

BUSCAGLIA, S. This discovery proceeding was instituted by the executor to recover from the respondent the proceeds of an industrial life insurance policy. It appeared that the respondent, Helena Smaczniak, had been paid by the Prudential Life Insurance Company the face amount of the policy on the life of this decedent. Mrs. Smaczniak had paid the premiums since the issuance of the policy and payment was made to her under what is known as a " facility of payment clause ". There is no dispute about these facts. The executor contends that under the law in New York the estate is entitled to the proceeds of the policy and cites a number of cases in support.

The cases cited, however, are not in point on this set of facts. In those cases the proceeds had not been paid under the " facility of payment clause " and the insurance company was generally a party in interpleader. A thorough discussion of the cases here presented is contained in Surrogate WINGATE's opinion in *Matter of O'Neill* (143 Misc. 69). This case holds that where no beneficiary is designated and where payment is

not made by the insurer under the " facility of payment clause ", then the proceeds must be paid over to the estate. This, of course, is not the case here since payment has been made by the insurer. The case also holds (p. 74) that " if the payment be fairly made under the facility clause it will furnish a complete defense against a subsequent action for the principal sum, no matter by whom initiated. [Citing cases.]" (See, also, Surrogate FOLEY's opinion in *Matter of Kozusko,* 177 Misc. 530.)

It follows then that no action could be brought under these facts against the insurance company for the amount of the policy. This being so, it would seem to the court completely inconsistent to say that the person to whom the insurer paid the proceeds is not the person entitled to them and must deliver them to the estate.

The proceeds of this insurance policy were never a part of the property of the decedent. During his lifetime he made a contract with the Prudential Life Insurance Company whereby they were to pay a certain amount upon his death. As to the payee of the proceeds, it was agreed that that might be " any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured * * *." In compliance with the terms of this contract the insured has paid the proceeds to the respondent. No reason has been shown why the said proceeds should be delivered to the executor. An order may enter accordingly.