## AETNA LIFE INS. CO. OF HARTFORD, CONNECTICUT, v. BUSH et al.

### No. 2773.

United States District Court,
W. D. Washington, N. D.
June 27, 1952.

———◆———

Elliott & Lee, Seattle, Wash., for Aetna Life Ins. Co. of Hartford Connecticut.

Hall, Cole & Lawrence, Seattle, Wash., for Raymond Peter Bush and Keith Denman Jackson.

Karr, Tuttle & Campbell and James B. Carroll, Seattle, Wash., for Abigail Augusta Jackson.

BOWEN, Chief Judge.

Prior to December 29, 1950, the insured's mother was the unquestioned beneficiary of his life insurance policy. On that date he attempted to change such beneficiary from his mother to his estate in the manner described below. He died on January 7, 1951, and both his mother and his estate claim the policy proceeds. Hence, this action to determine the rightful beneficiary.

The pertinent policy provision was in substance that the beneficiary could be changed effective upon "receipt at the Home Office of the Company * * * of a request signed by the life beneficiary (the insured) accompanied with the policy for proper endorsement."

On December 29, 1950, while the insured was sick in a hospital, his friend acting under the insured's instructions prepared and mailed to the insurer Company a letter signed by the insured, requesting a change of beneficiary from the insured's mother to his estate, but the policy, contrary to the above quoted policy provision, did not accompany the letter and never was sent to the Company for endorsement thereon of the requested beneficiary change.

On the day the letter was prepared and mailed, some discussion arose as to where the policy was; and the insured advised his friend who prepared and mailed the letter that the policy with other personal effects of the insured was in a trunk in his room at his hotel. Although the hospital where the insured then was and the hotel where the policy-containing trunk was were in the same city, and the insured had a key to the trunk, it was not thought convenient for any one present with the insured on the day the letter was prepared and mailed to go and search in the trunk among the insured's other effects for the policy; and it was considered advisable to mail the letter without the policy on that day, because the insured then was scheduled to undergo surgery on the following day.

Although ill and in a weakened physical condition and confined to the hospital on the day the letter was prepared and mailed, the insured's mind was then alert, his mental condition was good and he gave directions as to the subject matter which at the insured's request was by his friend dictated into the letter.

After his surgical operation, the insured's illness became more critical and remained so until his death on January 7, 1951, about nine days after mailing of the letter requesting change of beneficiary.

From the foregoing facts it cannot rightly be contended, as the State Supreme Court found was done in a different situ-

ation in Sun Life Assurance Co. v. Sutter, 1 Wash.2d 285, 95 P.2d 1014, 125 A.L.R. 1089, that the insured did all he could in accordance with the insurance contract to effect a change of beneficiary. On the contrary, in this case the insured did not do all he could in that respect, because he failed to accompany his letter with the policy for proper endorsement thereon of the requested beneficiary change, as required by the insurance contract. Although the insured was sick in the hospital when he had his friend come to his sick room and under this direction prepare and mail the letter which he signed requesting the beneficiary change, it is not reasonable to suppose, in the absence of positive supporting proof, that he could not have just as easily persuaded the same or another friend to go to his hotel room and obtain from his trunk the policy needed to accompany his letter to the "Home Office of the Company" for endorsement on the policy of the requested beneficiary change, as the insurance contract required.

The search both of counsel and of the Court has not disclosed any Washington State Court case holding that an attempted beneficiary change was effective where the *insured,* as distinguished from the *insurer,* failed to perform as important a condition of the contract as the one just mentioned which was not performed by the insured here.

In this connection it should be noted that, according to endorsements on the policy itself, the insured had effected one or more previous beneficiary changes and doubtless was on December 29, 1950 familiar with the contract requirements for making such changes effective. Mutual Life Ins. Co. v. Owens, 39 N.M. 421, 48 P.2d 1024.

In any event, excepting fraternal and veterans insurance cases and also jury cases like Skamoricus v. Konagiskie, 318 Pa. 128, 177 A. 809, holding it proper to leave it to a jury to decide whether the insured intended to change beneficiary and made reasonable effort to do so, the decided cases involving facts most nearly like those here generally support the view that, where as here the insured in attempt-

ing to change the beneficiary failed to perform a material contract requirement which was possible for him to perform, his attempted beneficiary change was without effect. Annotation, 19 A.L.R.2d 76, § 32; Wilkie v. Philadelphia Life Ins. Co., 187 S.C. 382, 197 S.E. 375; Mutual Life Ins. Co. v. Owens, 39 N.M. 421, 48 P.2d 1024; and In re Schiffer's Estate, 135 Misc. 830, 238 N.Y.S. 531.

It is the decision of the Court that defendant Abigail (Abbie A.) Augusta Jackson is the rightful beneficiary and entitled to the proceeds of the policy and to the relief prayed for in her answer, counterclaim and cross-claim, and that defendants Raymond Peter Bush and Keith Denman Jackson, a minor, take nothing by their answer and cross-complaint herein.