James J. Sangunitto, Senior, as Administrator, etc., of James J. Sangunitto, Junior, Deceased, Appellant, *v.* Annie Howell Goldey, Respondent, Impleaded with the New York Life Insurance Company.

*Life insurance policy — change of beneficiary — effect of an interpleader and the payment of the money into court by the insurance company.*

A policy of life insurance provided, "The said Insurance Company agrees to pay the sum of $622.02 to Anna, wife of the insured, or to such beneficiary duly designated at the Home office of the Company in the City of New York. * * *

"Change of beneficiary: The insured may at any time during the continuance of this policy, provided this policy is not then assigned, change the beneficiary or beneficiaries by written notice to the Company at its Home Office, accompanied by this policy, such change to take effect on the indorsement of the same upon the policy by the company. If there is no beneficiary living at the death of the insured the amount then insured by this policy shall be paid to the Executors, Administrators or Assigns of the insured."

November 6, 1901, the insured sent the following notice to the insurance company: "I have sent my insurance policy to Mrs. Wilson who will call and have the beneficiary changed to myself (which will be James J. Sangunitto) the reason is I have got a separation from my wife Anna kindly change same and oblige."

The company received the letter on November 8, 1901, and the policy on November 12, 1901, but made no indorsement of a change of beneficiary on the policy, the insured having died November 11, 1901.

The insured's administrator brought an action against the insurance company to recover the amount of the policy, and the insurance company interpleaded the original beneficiary and paid the amount of the policy into court.

*Held,* that the effect of the interpleader was to eliminate from the case all question as to the validity of the policy and of the designation of the original beneficiary ;

That even if such original beneficiary did not have a vested interest in the policy, which could not be destroyed by the insured without her consent, the insured, not having complied with the condition of the policy with respect to a change of the beneficiary, the original designation was in force, and the original beneficiary was entitled to the amount of the policy.

APPEAL by the plaintiff, James J. Sangunitto, Senior, as administrator, etc., of James J. Sangunitto, Junior, deceased, from a judgment of the Supreme Court in favor of the defendant Annie Howell Goldey, entered in the office of the clerk of the county of Kings on the 6th day of March, 1903, upon the decision of the court, rendered after a trial at the Kings County Special Term, dismissing the plaintiff's complaint upon the merits as against said defendant.

*Jacob Stiefel,* for the appellant.

*Andrew G. Cropsey,* for the respondent.

GOODRICH, P. J. :

James J. Sangunitto, Jr., married the defendant in New Jersey in December, 1896. In March, 1901, he obtained from the New York Life Insurance Company a policy on his life, which contained the following paragraphs :

" The said Insurance Company agrees to pay the sum of $622.02 to Anna, wife of the insured, or to such beneficiary duly designated at the Home office of the Company in the City of New York. * * *

" Change of beneficiary : The insured may at any time during the continuance of this policy, provided this policy is not then assigned, change the beneficiary or beneficiaries by written notice to the Company at its Home Office, accompanied by this policy, such change to take effect on the indorsement of the same upon the policy by the company. If there is no beneficiary living at the

death of the insured the amount then insured by this policy shall be paid to the Executors, Administrators or Assigns of the insured."

Sangunitto died in Savannah, Ga., on November 11, 1901. So far as I can gather from a somewhat confused record it appears that on November 6, 1901, he wrote to the company as follows:

"SAVANNAH, GA., *Nov. 6th*, 1901.

"NEW YORK LIFE INS. CO.:

"DEAR SIRS.— I have sent my insurance policy to Mrs. Wilson who will call and have the beneficiary changed to myself (which will be James J. Sangunitto) the reason is I have got a separation from my wife Anna; kindly change same and oblige,

"Yours,

"(Signed)   JAMES SANGUNITTO."

This letter was received by the company on November eighth, but the policy was not received by the company till November twelfth, the day following Sangunitto's death, and no indorsement was made on the policy.

At the time of the marriage of James and Anna she was the wife of John M. Goldey. In 1892 she commenced, in Pennsylvania, an action against her husband for divorce. The record of the proceedings offered in evidence shows that a subpœna was served on Goldey and that an examiner was appointed, but no other proceedings were had. It was stated by her counsel, and not disputed, that she was informed by her attorney, who afterward absconded, that she had been divorced. It was conceded by the attorney of the plaintiff at the trial that the defendant herein "is the person who was meant by the words 'Anna, wife.'"

The action was originally commenced against the insurance company, which interpleaded Mrs. Goldey, paying the amount of the policy into court. This eliminates all question as to the validity of the policy and the designation of Mrs. Goldey as beneficiary (*Spencer v. Myers*, 150 N. Y. 269, 272; *Clark v. Davenport*, 95 id. 477), and leaves for our consideration only the question whether there was any change of beneficiary.

In *Garner* v. *Germania Life Ins. Co.* (110 N. Y. 266) it was held that the beneficiaries named in a policy had a vested interest in such policy which could not be destroyed by the assured without

their consent and in contravention of their rights. Even were it otherwise the condition of the policy is that the change of beneficiary shall occur only by written notice to the company at its home office, accompanied by the policy and indorsement of the same upon the policy. This condition not having been complied with, no change was effected and the defendant Mrs. Goldey became entitled to the proceeds.

The judgment should be affirmed.

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment affirmed, with costs.