DORA B. SEAVERS, Individually and as Executrix, etc., of WALLACE S. SEAVERS, Deceased, Plaintiff, v. METROPOLITAN LIFE INSURANCE COMPANY and Another, Defendants.

Supreme Court, Washington County, August 28, 1928.

Insurance — life insurance — group life insurance — policy issued to employer and certificate issued to employee — policy issued in conformance with Insurance Law, § 101-a et seq., contained provision for change of beneficiary — insured changed beneficiary once — purported change of beneficiary thereafter by will of insured, not effected — beneficiary mentioned in changed certificate entitled to recover.

A policy of group life insurance was issued by the defendant to an employer, under section 101-a et seq. of the Insurance Law. The defendant also issued a certificate to the employee in compliance with the statute, which provided that the right to change the beneficiary was reserved. The beneficiary stated by the employee was his wife, and after her death he filed a written notice in compliance with the terms of the policy, changing the name of the beneficiary and making a woman whom he intended to marry beneficiary of the policy. Thereafter, he married the plaintiff in this action, but made no further change of beneficiary. In his will, however, he provided that the proceeds of the insurance policy should go to the plaintiff, but did not in any way comply with the terms of the policy by filing the necessary written notice.

The contention that the certificate delivered to the insured contained the entire insurance contract and that the failure to specify therein the manner of changing the beneficiary, permitted the insured to determine how the change should be made, is contrary to the provisions of subdivision 2 of section 101-b of the Insurance Law, and in order to change the name of the beneficiary it was necessary for the insured to conform to the terms of the policy.

The failure of the insurance company to answer in this case does not constitute a waiver of the condition under which the beneficiary could be changed, and the beneficiary named in the policy by the first change mentioned is not barred from questioning non-compliance with that condition of the policy.

The 2d and 3d pages of the certificate issued to the insured, which contain statements by the employer respecting insurance coverage, were not properly admissible in evidence, since those statements were unnecessary to the determination of· this case.

Since the insured did not substitute the name of the plaintiff as beneficiary under the policy, she is not entitled to recover and judgment is directed in favor of the person who was substituted for the first beneficiary named.

THIS action to determine the beneficiary of an insurance policy was tried before the late Mr. Justice ANGELL, who died prior to rendering a decision. Upon the record of that trial the case was thereafter submitted by consent to Mr. Justice GOLDSMITH.

*William E. Young* [*Thomas W. McArthur* of counsel], for the plaintiff.

*Jeremiah Keck* [*T. Cuthell Calderwood* of counsel], for the defendant Rhea L. Childs.

GOLDSMITH, J. A policy of group insurance as authorized by section 101-a *et seq.* of the Insurance Law* was issued by the Metropolitan Life Insurance Company, hereafter called the company, under date of December 24, 1919, insuring the lives of the employees of the Sandy Hill Iron and Brass Works. These employees included Wallace S. Seavers, who received from his employer a certificate of the company bearing the same date and containing, among others, the following provision: " This is to certify that under and subject to the terms and conditions of group policy No. 468G, Wallace S. Seavers, an employee of the Sandy Hill Iron & Brass Works, is hereby insured for One thousand Dollars. If death occurs while the employee is in the employ of the employers, the amount of insurance in force on said employee, in accordance with group policy as above, will be paid to Mary Seavers, beneficiary. The right to change the beneficiary is reserved."

The certificate referred to, incorporating the foregoing statement, was issued pursuant to section 101-b, subdivision 4, of the Insurance Law,† which requires every policy of group insurance to contain: " A provision that the company will issue to the employer for delivery to the employee, whose life is insured under such policy, an individual certificate setting forth a statement as to the insurance protection to which he is entitled, to whom payable, together with provision   *   *   *."

Mary Seavers, the beneficiary named in the certificate, was the wife of the insured and she died on or about April 11, 1920. Later the insured became interested in Rhea L. Childs, twenty-eight years of age, and asked her to marry him. At the same time he filed written notice with the company directing a change of the beneficiary to her. The policy is specific in relation to the change of beneficiary:

" 5. Change of beneficiary. Any employee while insured hereunder may, from time to time, change the beneficiary by filing written notice thereof at the Home Office of the Company, accompanied by the Certificate covering the insurance hereunder on such employee. Such change shall take effect upon indorsement covering the change by the Company on such Certificate, and

---

* Added by Laws of 1918, chap. 192, as amd.— [REP.

† Added by Laws of 1918, chap. 192, as amd. by Laws of 1922, chap. 275.— [REP.

not before. In case of the death of any individual named as beneficiary, the interest of such beneficiary shall vest in the Employee by whom such beneficiary was nominated. No assignment by any Employee of the insurance under this Policy shall be valid."

In addition the application of the employer attached to the policy provides that " The Employee to be insured is to designate a beneficiary and may change such beneficiary from time to time as the circumstances may require by written notice to the Metropolitan Life Insurance Company on forms prepared and furnished by that Company." The notice to change the beneficiary to Rhea L. Childs was given upon a form prepared by the company and read in part: " In accordance with the conditions of group polic No. 468G, the beneficiary under Serial No. 1, in the event of my death, is hereby changed from Mary Seaver — wife, to Rhea L. Childs, no relation." The pleadings admit that the change of beneficiary, as requested, to Rhea L. Childs was effected and recognized by the company.

Rhea L. Childs declined the proposal to marry the insured. On May 3, 1921, he was married to the plaintiff and on or about December 17, 1924, he died, leaving her surviving. A few days prior to his death insured executed his last will and testament, thereafter duly admitted to probate, appointing his widow executrix thereunder and providing: " *Third.* Whereas, I have two life insurance policies it is my desire that the proceeds thereof be paid to my wife, Dora B. Seaver, regardless of who has been previously made beneficiary in each of them." The policy in question is conceded to be one of the two policies mentioned in the will.

Both Rhea L. Childs and the widow claim the proceeds of this policy of insurance, the former as beneficiary named in the policy and the latter under her husband's will. The company has not answered herein and is ready and willing to pay the amount due upon the policy to the rightful beneficiary. The widow claims that the testamentary direction of the insured effected a change of the beneficiary from Rhea L. Childs to herself.

The first proposal is that the certificate delivered to the insured contains the entire insurance contract and that the failure to specify therein the manner of changing the beneficiary permitted the insured to determine how the change should be made. This contention is contrary to the statutory provision relating to group insurance and to the context of the certificate. Section 101-b, subdivision 2, of the Insurance Law* provides that " the policy,

* Added by Laws of 1918, chap. 192, as amd. by Laws of 1922, chap. 275.— [REP.

the application of the employer and the individual applications, if any, of the employees insured, shall constitute the entire contract between the parties." Another provision, heretofore quoted, requires that a certificate setting forth certain information shall be issued by the company to the employer for delivery to the employee. The statute does not attempt to clothe the certificate with the formality of a contract of insurance. The certificate is required as evidence of the contract and to apprise the insured of his rights thereunder. The provisions of the statute bear no other interpretation. The statements in the certificate follow the direction of the statute and this instrument does not purport to be the contract of insurance. The company certifies that the employee is insured " under and subject to the terms and conditions of group policy No. 468G." The language of the certificate is plain and unmistakable. There can be no complaint of vagueness of expression or subtle avoidance of clarity.

The provision in the certificate that " the right to change the beneficiary is reserved " is information of insured's privilege under the policy. Instructions for consummating the change are contained in the policy and reference to this document is necessary for such purpose. The method prescribed is a condition of the policy and compliance therewith is obligatory in order to substitute another beneficiary. (*Sangunitto* v. *Goldey*, 88 App. Div. 78.) The direction of the insured by will was not in conformity with the condition of the policy and did not effect a change of the beneficiary. That the insured was not misled by the terms of the certificate is unquestioned since he procured a change of the beneficiary after the death of his wife, to Rhea L. Childs, upon a form prepared by the company and in the manner required by the policy.

The plaintiff next urges that the failure of the company to answer in this case is a waiver of the condition under discussion which was inserted in the policy for the sole benefit of the company. She argues that this action by the company bars Rhea L. Childs, the beneficiary named in the policy, from questioning non-compliance with the condition. This result does not follow. The waiver herein by the company after the death of insured removes objection to its liability upon the policy (*Sangunitto* v. *Goldey*, *supra*), but such legal rights as attached upon the death of the insured remain unchanged. While the rights of the beneficiary are entirely contingent, uncertain and revocable during the life of the insured (*Schoenholz* v. *New York Life Insurance Co.*, 234 N. Y. 24), they become vested upon the death of the insured without change. " The contract creating the power to appoint another beneficiary protects the existing beneficiary until the forms

imposed upon the execution of the power have been substantially complied with." (*Fink* v. *Fink*, 171 N. Y. 616.) The direction through the will was not a method recognized by the contract of insurance. The rights of the beneficiary became "fixed on the death of the insured, and neither the insurance company nor the court can divest the beneficiary of his rights by any act done after the death of the insured." (*Strianese* v. *Metropolitan Life Ins. Co.*, 221 App. Div. 81.)

The certificate herein appears upon the front and back of a four-page folder. The 2d and 3d pages are devoted to statements by the employer respecting the insurance coverage and amplifying the certificate. The plaintiff objected to the admission in evidence of the 2d and 3d pages upon the ground that they are not a part of the certificate. The statements by the employer are voluntary, are not authorized or required by statute and do not constitute a portion of the insurance contract. Being unnecessary to the determination of any question presented in this case, the objection is sustained.

It is true that the insured desired to secure the benefits of the policy to his wife but he could only do so by substantial compliance with the condition imposed. He had previously changed the beneficiary in accordance with the requirements of the policy. Possibly he did not appreciate that the method prescribed by the policy was exclusive. As Chief Judge HISCOCK said in *Schoenholz* v. *New York Life Insurance Co.* (*supra*): "While this misconception may result in an unfortunate miscarriage of purpose we do not see how it can now be corrected."

The defendant Rhea L. Childs is entitled to judgment against the plaintiff dismissing the complaint, with costs, and against the defendant company for the sum of $1,000, with interest.

Submit findings accordingly.