## James v. Metropolitan Life Insurance Company

*Thomas P. Duffy*, for plaintiff.
*O'Malley, Hill, Harris & Harris*, for defendant.

NEWCOMB, P. J., December 27, 1933.—This is an action of assumpsit on a policy of group insurance issued by the defendant company upon the lives of the employes of Glen Alden Coal Company, of whom David James, plaintiff's husband, now deceased, was one. He received a certificate from the defendant company bearing a certain serial number. The beneficiary therein named is Mrs. James, this plaintiff. To the statement is attached the certificate, but that is only evidence tending to support her claim and does not constitute the contract, a copy of which is indispensable to her pleading under section 5 of the Practice Act of May 14, 1915, P. L. 483.

It may be noted in passing that section 416 of The Insurance Company Law of 1921, P. L. 682, as amended by the Act of April 26, 1929, P. L. 785, provides as follows:

"No policy of group life insurance shall be issued or delivered in this Commonwealth, . . . unless it contains in substance the following provisions: . . .

"(b) A provision that the policy, the application of the employer, and the individual applications, if any, of the employees insured, shall constitute the entire contract between the parties".

While the statement of claim carries the certificate issued by the defendant company, that at most is merely an integral part of the contract upon which the claim must stand or fall. That the certificate is merely evidence of the contract has been distinctly held in Seavers, etc., v. Metropolitan Life Ins. Co. et al., 230 N. Y. Supp. 366, 132 Misc. 719.

It is noted that by her brief plaintiff suggests that her requests both to Glen Alden Coal Company, as the former employer, and also to the defendant company for copies of the group policy have been refused. Her brief is no part of the record, and therefore no effect can be given to that item of information. Had she seen fit to plead the fact it might have been effective. But, for want of the written instrument declared upon, the statement is open to the objection made, and therefore the motion to strike off is allowed, and the rule to show cause made absolute, with leave to the plaintiff to amend within 15 days.

From William A. Wilcox, Scranton, Pa.