GERMAIN v. ÆTNA LIFE INSURANCE CO.

1. INSURANCE—GROUP POLICY—EMPLOYEE'S CERTIFICATE.
    Certificate issued employee under group policy is not a part of the contract between employee and insurer, since statute provides that the group policy, the employer's application therefor and the applications of individual employees insured should constitute the entire contract between the parties (3 Comp. Laws 1929, § 12435).

2. SAME—GROUP POLICY—CERTIFICATES—PERMANENT TOTAL DISABILITY BENEFITS—CONDITIONS PRECEDENT.
    Under group life insurance policy providing for payment of benefits for permanent total disability but requiring that employee be continuously insured for at least a year preceding commencement of such disability to be entitled to benefits, employee who had been employed a little over two months before becoming permanently and totally disabled and insured for about five weeks prior thereto *held*, not entitled to benefits therefor notwithstanding she may have paid premium and cer-

tificate of insurance, required by statute to be issued to insured, did not require that insurance be effective for a year as a condition precedent to right to such benefits, since group policy, not certificate, of insurance is declared by statute to be part of contract of insurance (3 Comp. Laws 1929, § 12435).

3. SAME—GROUP LIFE POLICY—PERMANENT TOTAL DISABILITY BENEFITS—REPUGNANCY.

Provision of group policy insuring lives of employees *held*, not in conflict with subsequent provision for payment of benefits for permanent total disability, if employee had been continuously insured thereunder for at least a year preceding commencement of disability, hence subsequent provision would not be repugnant and void (3 Comp. Laws 1929, § 12435).

4. SAME—GROUP LIFE POLICY—PERMANENT TOTAL DISABILITY BENEFITS—PREMIUMS—CONDITION PRECEDENT.

Requirement that group life insurance policy should have been continuously effective at least a year immediately preceding commencement of permanent total disability in order to be entitled to benefits under the policy therefor precluded 20-year old employee who had not been insured for such length of time before such disability commenced from recovering benefits therefor notwithstanding recital in premium rates that the charge for permanent total disability benefit included represented one per cent. of each premium below age 60, as there can be no liability if there was no contract therefor due to failure of plaintiff to comply with the condition precedent (3 Comp. Laws 1929, § 12435).

Appeal from Wayne; Brennan (John V.), J., presiding. Submitted April 5, 1938. (Docket No. 5, Calendar No. 39,792.) Decided June 30, 1938.

Assumpsit by Mildred Germain, a minor, by her next friend, Isidore G. Stone, against Ætna Life Insurance Company on a group life insurance policy. Judgment for defendant. Plaintiff appeals. Affirmed.

*Harold M. Shapero* and *Adrian D. Rosen,* for plaintiff.

*Gerald E. Schroeder* (*L. S. Miel,* of counsel), for defendant.

POTTER, J. Plaintiff sued defendant upon an insurance policy to recover benefits to which she claimed to be entitled and which defendant refused to pay. There was judgment for defendant, a motion for new trial made and denied, and plaintiff appeals.

Defendant issued group policy No. 5566 September 30, 1932, covering the lives of employees of the Bundy Tubing Company. This policy was renewed and was in force at the time of plaintiff's injury February 25, 1935. By a rider, dated April 27, 1934, forming a part of the policy, it was provided female plant employees thereafter to be employed were to be eligible to subscribe for $500 of insurance. The master policy provided that renewal from year to year was conditional upon the payment of monthly premiums in advance by the employer, and that those entering active employment after the date of the execution of the policy would be eligible for insurance on completion of one month of continuous active service or employment. A schedule of premiums rates was set forth in the policy, immediately below which appeared the following:

"The charge for the permanent total disability benefit included in the above premium rates represents one per cent. of each premium below age 60."

The first mention of permanent total disability benefit in the policy besides the above quoted portion appears immediately beneath the above quotation. The policy provides:

"Six months after receipt at the home office of the company of satisfactory evidence

"(1) that any insured employee has, while under age 60, become totally disabled by bodily injuries or disease from engaging in any occupation for compensation or profit, and will be so disabled for life, and

"(2) that such employee has been continuously insured hereunder for at least one year immediately preceding the commencement of disability, or was eligible for insurance, on the date of this policy and has been continuously insured from a date not more than three months thereafter to the commencement of disability,
the company will begin payment * * * of a monthly income."

The above quoted provisions of the policy also appear on page 2 of the certificate required by law and by the policy to be given to each employee, and given to plaintiff.   The first page of this certificate recited:

"ÆTNA LIFE INSURANCE COMPANY
of
"Hartford, Connecticut
"Has Insured The Lives of Certain Employees of
"Bundy Tubing Co.

"By a group policy of insurance, No. 5566.   Under and subject to the terms and conditions of said policy, and the application therefor.   The life of MILDRED GERMAIN, 413, an employee, is insured for the sum of $500, payable in event of death to the beneficiary RUBY GERMAIN—Mother, (subject to change as provided in said policy).

"The group policy provides that:

"The insurance will be payable in monthly instalments if the employee becomes permanently totally disabled before age 60, this provision is fully described on the second page of this certificate."

Plaintiff was hired December 19, 1934, by Bundy Tubing Company and became eligible January 19, 1935, to be insured under the policy, and on that day a certificate was issued to her by defendant so stating. Plaintiff continued to work for the Bundy Tubing Company and was working for it February 25, 1935, when she was totally and permanently disabled, which disability has continued since.

It is difficult to ascertain when plaintiff began to contribute or pay premiums, and how much she paid. The case made states that a total monthly premium was paid from January 19, 1935, until July, 1935. In a stipulation filed, it was agreed that an affidavit of Roger Senecal, employment manager for the Bundy Tubing Company, be made part of the record and case made and ''considered as testimony given by said affiant on behalf of the defendant at the trial of this case, and that the same be filed *nunc pro tunc* as of April 6, 1937.'' This affidavit states: ''Said amount was paid by her for the six-months' period, commencing March, 1935, to and including August, 1935.'' The affidavit of Senecal also states that plaintiff was in error when she said $2.28 was paid for life insurance per month which is also incorporated in the case made. This amount, Senecal deposed, was the total for the six months,—March, to and including August, 1935,—and was paid on the policy here involved. Plaintiff testified $1.75 a month for total disability was paid, which also appears in the case made. Senecal's affidavit states this amount was paid on another policy issued to the Bundy Tubing Company by the Metropolitan Life Insurance Company. The discrepancies in the facts as they appear in the record do not affect the result reached. Senecal's affidavit says:

"That certificate number 632 for $500 was issued to Mildred Germain on the 19th day of January, 1935, for which Mildred Germain (age 20) contributed premium of 38 cents per month, one per cent. of which represented a charge for the permanent total disability benefit included in the within mentioned premium rate, per group life policy provision, which is incorporated herein by reference and made a part hereof."

Defendant does not dispute the premiums were paid at the time of the accident and does not seek to avoid liability on this ground.

Proof of loss was furnished.

Defendant denies liability on the ground the policy was not in effect for one year immediately preceding the commencement of plaintiff's disability as provided by the policy and plaintiff was not, therefore, eligible for permanent and total disability benefits on February 25, 1935.

Plaintiff says:

"When a group life and total disability benefit insurance policy, issued for one year and subject to annual renewal, provided that such policy would be effective as to the plaintiff upon January 19, 1935, and provided for premiums payable from date of effective date, which included a premium for the life benefits and a definite premium for disability benefits, which premiums were paid by plaintiff, and contains a subsequent clause that disability benefits shall be paid only upon proof that insurance policy has been in effect at least one year preceding the disability, *i. e.*, that disability occurred after January 15, *1936,* is such subsequent clause repugnant to the insuring clause and therefore null and void?"

Plaintiff claims the answer should be in the affirmative.

Plaintiff's contention fits the certificate and not the group policy, for in the group policy the clause relative to disability benefits appears before the insuring clause, making it a condition precedent, and not after the insuring clause, although in the certificate issued to plaintiff it does not so appear.

The statute (3 Comp. Laws 1929, § 12435 [Stat. Ann. § 24.271]) provides that no such policy shall be issued or delivered unless it contains "(2) A provision that the policy, the application of the employer and the individual applicants (applications), if any, of the employees insured, shall constitute the entire contract between the parties," et cetera.

Group policy No. 5566 here involved provided:

"This policy, the application of the employer and the individual applications, if any, of the employees insured, constitute the entire contract between the parties hereto."

A group life insurance policy must also contain:

"A provision that the company will issue to the employer for delivery to the employee, whose life is insured under such policy, an individual certificate setting forth a statement as to the insurance protection to which he is entitled, to whom payable, together with provision to the effect that in case of the termination of the employment for any reason whatsoever the employee shall be entitled to have issued to him by the company, without further evidence of insurability, and upon application made to the company within thirty-one days after such termination, and upon the payment of the premium applicable to the class of risk to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance in any one of the forms customarily issued by the company, except term insurance, in an amount equal to the amount of

his protection under such group insurance policy at the time of such termination." 3 Comp. Laws 1929, § 12435 (4).

The policy issued by defendant contained a provision complying with the statute, and the certificate issued to the plaintiff contained such information.

In view of the statutes and the provisions of the policy, it is clear the certificate issued cannot be relied upon as establishing any contractual rights. In the statute referring to contractual rights, nothing is mentioned about the certificate. In the provision concerning the certificate, which appears in the same section of the compiled laws as the aforementioned provision, there is nothing that indicates the certificate is to be any part of the contract. The certificate is not a part of the contract. There is nothing mentioned in the master policy except life insurance, except the notation as to the method of charging for permanent total disability benefit immediately below the table of rates, until the caption "Permanent total disability benefit," below which are the two conditions of the policy quoted above, and the insuring clause. There is no conflict between the insuring provision and the subsequent clause that disability benefits shall be paid only upon proof that the insurance policy has been in effect at least one year immediately preceding disability. None of the alleged ambiguities and conflicts relied upon by plaintiff affects this case.

We are concerned only with the policy and the applications for insurance which the statute says constitute the contract.

"The certificate is not a part of the contract of, or necessary to, the insurance. It is not included among the documents declared 'to constitute the en-

tire contract of insurance.' " *Boseman* v. *Connecticut General Life Ins. Co.*, 301 U. S. 196, 203 (57 Sup. Ct. 686, 110 A. L. R. 732).

In *Pool* v. *Protective Life Ins. Co.*, 26 Ala. App. 161 (155 South. 631), the court held the certificate issued to the employee insured under a group policy was not a part of the policy contract. This is the rule under statutes similar to that in force in Michigan. *Gallagher* v. *Simmons Hardware Co.*, 214 Mo. App. 111 (258 S. W. 16); *Austin* v. *Metropolitan Life Ins. Co.* (La. App.), 142 South. 337; Crawford and Harlan, Group Insurance, § 15; *All States Life Ins. Co.* v. *Tillman*, 226 Ala. 245 (146 South. 393); *Seavers* v. *Metropolitan Life Ins. Co.*, 132 Misc. 719 (230 N. Y. Supp. 366); 63 A. L. R. p. 1035, note.

Each employee covered by the insurance policy contributed at the rate of 75 cents per $1,000. The table of rates indicates that for employees, age 20, the employer paid the defendant 68 cents per $1,000 of insurance. The policy provided:

"The monthly premium due at the beginning of each policy year shall be the sum of the individual monthly premiums for the employees then insured on the basis of their then attained ages nearest birthday calculated by the table of monthly premiums then in effect."

It also provided:

"It is requested that the policy be issued on the contributory basis. If on the contributory basis, the employees will contribute 70 cents monthly per $1,000 of insurance."

This amount was evidently raised, according to Senecal's affidavit, to 75 cents per $1,000 of insurance. In any event, the amount which plaintiff agreed to contribute when she chose to avail her-

self of the benefits of the group insurance policy was slightly higher than the amount which the employer had to contribute according to the table for her alone; although for older employees, the employer was obliged to pay more than the amount contributed by the employee. In any event, plaintiff was receiving protection at a lesser cost than if she had taken a policy on her own behalf with the defendant.

Plaintiff contends defendant charged, and plaintiff paid to defendant, a certain definite premium for a period commencing January 19, 1935, for disability insurance alone over and above the premium for the life insurance during and for the very period which, under the disputed clause, the insurance company could in no event ever be liable for any disability. Plaintiff bases this contention upon the provision in the policy above quoted which appears directly beneath the table of rates, providing that a charge for permanent total disability benefit representing 1 per cent. of each premium is included therein for persons below 60 years of age.

In *Rogers v. Metropolitan Life Ins. Co.*, 265 Mich. 202, plaintiff was insured under a group insurance policy and paid premiums for about five years and then became permanently and totally disabled, at which time he was 69 years of age. The policy excluded from benefits for total disability those who were 60 years of age and over. It provided: .

"Section 18. Initial schedule of monthly life insurance (of which the employee may not pay more than 60 cents per month per $1,000), including premium charge of three cents per month per $1,000 of life insurance, for all ages below age 60, for total and permanent disability benefits."

Below, and immediately following, appeared the schedule.

It was said:

"All employees regardless of age or physical condition paid the same premium. When they reached the age of 60 they lost their right to total disability benefits, but they continued to pay the same premiums as they had previously paid. Whether they had partial or full coverage the premium was the same. So this is not a case where by reason of some act or neglect of the insurer the insured paid a larger premium than he should have paid. In the payment of premiums he was not prejudiced.

"Eliminating the age-limitation clause, the policy constituted a valid and binding contract for the payment to the plaintiff of temporary health and death benefits. Hence there was a consideration for the premiums."

In this case, 1 per cent. of the premium appearing in the table of rates for a person 20 years old was for permanent total disability insurance; whereas, in the *Rogers Case,* plaintiff being over 60 years of age at the time of being covered by the group policy, by the very terms of the policy, section 18, quoted above, 3 cents per month per $1,000 was not included in the printed premium schedule. The premium or contribution thereto by the employee was fixed. Yet he received no permanent disability protection or coverage, such disability protection and coverage being expressly excluded from the contract.

In this case, it was a condition precedent to permanent total disability insurance that the employee be continuously insured for at least a year immediately preceding commencement of disability. There can be no liability if there was no contract due to the failure of the plaintiff to comply with the condition

precedent. There are no repugnant or conflicting provisions in the group policy of insurance, or applications therefor, and no showing plaintiff was actually prejudiced in the payment of her contributions.

Judgment affirmed, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.