RISKE, Appellant, vs. NATIONAL CASUALTY COMPANY, Respondent.

*November 8—December 7, 1954.*

201

For the appellant there was a brief and oral argument by *C. A. Tennessen* of Kenosha.

For the respondent the cause was submitted on the brief of *Hammond & Hammond* of Kenosha.

BROWN, J. Both the master policy and the certificate issued to the insured provide that the master policy, together with the applications of the union and of the insured individuals, constitute the entire contract. This is in harmony with the direction of sec. 204.32 (2) (b) 1, Stats., and the

learned trial court, while criticizing the insurer for misinforming the insured, adjudged that the certificate could not and did not alter the terms of the regularly amended policy to which the certificate made specific reference. This view has considerable authoritative support. In *Boseman v. Connecticut General Life Ins. Co.* (1937), 301 U. S. 196, 57 Sup. Ct. 868, 81 L. Ed. 1036, 110 A. L. R. 732, the master policy provided that the contract was to be interpreted under the laws of Pennsylvania, which was the state where the master policy was delivered to the policyholder. A certificate, which conformed in all respects to the terms of the master policy, was delivered to the insured employee in Texas. When loss occurred the insured claimed that the delivery of the certificate made a Texas contract, as to him, which must be interpreted by Texas law. The court held that the certificate is not a contract nor a part of the contract for insurance. In *Germain v. Aetna Life Ins. Co.* (1938), 285 Mich. 318, 280 N. W. 773, the plaintiff was insured under a group policy which stated that the protection did not begin for disability benefits until the life insurance provisions had been effective for a year. The certificate provided that disability benefits would become effective sooner. Plaintiff's disability began after the effective date named by the certificate but before that named by the policy. The court, citing the *Boseman Case, supra,* denied recovery, holding that the policy provisions rather than those of the certificate were controlling. In *Chrysler Corp. v. Hardwick* (1941), 299 Mich. 696, 1 N. W. (2d) 43, the court ignored the certificate on the ground that the statute makes the application and the policy the entire contract. Our own sec. 204.31 (3) 1 is similar.

Other authorities for this view may be found in *Kloidt v. Metropolitan Life Ins. Co.* (1939), 18 N. J. Misc. 661, 16 Atl. (2d) 274, and *Seavers v. Metropolitan Life Ins. Co.* (1928), 132 Misc. 719, 230 N. Y. Supp. 366; also 63

A. L. R. note at page 1036, and 85 A. L. R. note at page 1464.

Authorities contra are almost equally numerous. One often cited, though not always with approval, is *Smithart v. John Hancock Mut. Life Ins. Co.* (1934), 167 Tenn. 513, 71 S. W. (2d) 1059, in which the court held that when the insurer issues its certificates to the insured employees and the latter contribute a portion of the premium paid by the employer, there arises a definite contractual relation between the insured employees and the insurer, and the certificates become integral parts of the insurance contract so that the master policy and the certificates are to be construed and enforced together.

Texas law is to the same effect, as mentioned by the court in the *Boseman Case, supra*.

In *John Hancock Mut. Life Ins. Co. v. Dorman* (9th Cir. 1939), 108 Fed. (2d) 220, the insured employee contributed to the premium and was issued a certificate under a group policy. The provisions of the policy differed from those in the certificate, which the court noted in distinguishing the case before it from the *Boseman Case, supra*. The court said (p. 222):

"(1) It is contended that the certificate is not a part of the contract insuring the employee. There is no merit in this contention. The master policy provides for its issuance to the insured and states that the certificate shall contain 'a statement as to the insurance protection to which he is entitled.' Many provisions as to this 'insurance protection' appear in the certificate and not in the master policy, among others, that the insurance of the employee 'will cease upon failure on the part of the employee to pay the required premium contribution to the employer,' and the principal amount of his insurance.

"(2) In these respects the certificate differs from that in *Boseman v. Insurance Co.* 301 U. S. 196, 203, 57 S. Ct. 686, 690, 81 L. Ed. 1036, 110 A. L. R. 732, where the certificate

was held merely evidence of the policy itself because it 'did not affect any of the terms of the policy' and because 'It served merely as evidence of the insurance of the employee. Petitioner's rights and respondent's liability would have been the same if the policy had not provided for issue of the certificate.' In the case at bar not only would many of the insured's rights and insurer's liabilities not be the same if the certificate had not been issued, but, without the certificate, the amount of his insurance and his obligation to pay a premium to keep it effective would not have been a part of the written agreement which created the liability of the insurer. A certificate required to be issued by the master policy to determine the terms and conditions of the insurer's liability is a part of the policy."

The leading text on this subject is Appleman, Insurance Law and Practice. This states, vol. 1, ch. 2, p. 45, sec. 46:

"It is usually considered that the primary contract is evidenced by the master policy issued to the employer. To its terms, the individual certificates almost always refer, and in it are set forth the primary and vital conditions of the insurance. Thus, in construing contracts of group insurance, the courts look always, first, to the master policy.

"Nor is there much question that by the present weight of authority that the terms of any certificate issued by the insurer to the employee is binding upon it, and aids in fixing the liability under such contracts. Courts, in construing these contracts, have held the individual certificates evidence of such a binding contract, and looked to their terms in arriving at any conclusion thereon. And this doctrine has been carried so far as to hold that the certificate is controlling in the event of any ambiguities or conflict existing as between it and the master policy. This result can be easily justified upon the ground that the individual certificate is the only instrument which the employee sees at any time, and that if the insurer chooses to draft and to issue these certificates in language selected by it, then it cannot be heard to complain that such language does not express the intention of the parties. Under the general rules of personal insurance, the insurer's conduct would result in estoppel."

The appellant here has contributed to the premiums due upon the policy. The application by the union, affixed to and made a part of the policy, shows:

"4. Schedule of Benefits and Premium Rates for Insureds:

. . . .

"Insured's Monthly Premium Rate: 3% of total aggregate wages earned by employees insured for the 4 or 5 weekly pay periods in the month immediately preceding the first of each calendar month the insurance is to be in effect." And

"Dependents' Monthly Premium Rate: Included in the 'Insured's Monthly Premium Rate' in Item 4 hereunder."

Part X, section D of the policy provides:

"All premiums are payable solely by the policyholder *for their respective insureds* to the company on or before the time upon which they fall due. . . ." (Emphasis supplied.)

Respondent calls our attention to the first paragraph of the certificate held by appellant, which states that she is "insured under and subject to all of the conditions and provisions of said group policy," and to the third paragraph which reads:

"This certificate is furnished subject to the terms of said group policy, which group policy together with the policy-holder's application therefor and the listings or applications of insureds, constitute the entire contract of insurance. This certificate is merely evidence of insurance and contains the essential provisions provided under said group policy, which insurance is effective only if the insured becomes and remains insured."

The policy states:

"PART VIII    Individual Insurance Certificates.
"The company will issue to the policyholder for delivery to each insured an individual certificate of insurance setting forth a summary of the essential features of this policy, the insurance coverage of each insured, the effective date of such insurance, and to whom the benefits are payable, and shall contain all the conditions and limitations of the policy."

Surely, this is a representation that the insurer's interpretation of the essential features, coverage, and conditions of the policy is to be found in the certificate. Moreover, we see no possible purpose in the requirement of a certificate by sec. 204.32 (2) (b) 2, Stats., *supra,* if the certificate so demanded is to be without effect. We perceive no persuasion in respondent's proposal that the certificate may misrepresent the insurance protection without redress so long as it refers the holder to the master policy. Under such an emasculation of the purpose of the statute, the representations of the certificate merely set a trap for the insured. On the contrary, if the statute is to be credited with any virility, the insured is entitled to rely on the certificate which the law requires the insurer to give him, at least in so far as the certificate purports to deal with those subjects which the statute commands it to cover,—namely, "the insurance protection to which he is entitled, and to whom payable." Benefits for disability of dependents are a part thereof.

Under the circumstances before us we must hold that the learned trial court was in error in ignoring the certificate relied upon by the appellant. We need not hold that it has become a part of the insurance contract contrary to the declarations of both policy and certificate, but we have no doubt that the certificate, issued under the representations of the policy itself to an insured who has contributed to the premium, effectively estops the respondent from showing that the coverage, conditions, and limitations of the policy are different from those stated in the certificate and which the policy proclaims will be found there. We hold, therefore, that, for the purposes of this action, appellant's spouse is her dependent and she is entitled to the benefits which the policy provides for the disability of one.

After judgment was rendered dismissing the complaint the plaintiff made a motion to review the decision, findings,

and judgment. The motion was denied and an appeal from the order of denial was incorporated in the appeal from the judgment. Our decision on the latter makes it unnecessary to consider the appeal on the motion.

*By the Court.*—Judgment reversed, and cause remanded with directions to the trial court to determine the disability benefits which the policy in question provides for a dependent of the insured, disabled as was appellant's spouse, and to enter judgment for such amount in appellant's favor, with costs.