**Imogene MARTIN, Administratrix of the Estate of Bobby Wayne Martin, Deceased, Appellee,**

v.

**OKLAHOMA FARMERS UNION, Appellant.**

**No. 54254.**

Supreme Court of Oklahoma.

March 31, 1981.

James B. Blevins, Blevins & York, Oklahoma City, for appellant.

Donald R. Hackler, Hackler & Parkhurst, McAlester, for appellee.

IRWIN, Chief Justice:

The appellee, Administratrix of the Estate of Bobby Wayne Martin, Deceased, commenced proceedings to recover death benefits under appellant's Group Accidental Death Policy. Decedent died as a result of a self-inflicted gun shot wound. The trial court found that decedent "did not intend to kill himself and therefore his death was accidental", and sustained appellee's motion for Summary Judgment. Appellant appealed.

The first issue to be resolved is whether the exclusionary provisions of appellant's master group policy or the exclusionary provisions of an individual certificate of insurance furnished to decedent prevails. Under the master policy, benefits would not be payable if death resulted from (6) *suicide or any self-inflicted injury while sane or insane.* Under the individual certificate furnished to decedent, benefits would not be payable if death resulted from (6) *suicide or any attempt threat.* Appellant does not contend decedent's death was not accidental.

Appellant argues that the exclusionary clause of its master group policy prevails and that it excludes coverage for death resulting from "any self-inflicted injury" even if the injury was accidental and it was unnecessary for the trial court to determine if decedent's death was accidental or not.

Appellee contends that the exclusionary clause in the individual certificate prevails over the exclusionary clause in the master policy because there is a significant variance between their terms. Appellee argues that decedent's insurance contract consisted of both the master group policy and the individual certificate and that they must be construed together, and that any ambiguities or conflicts between the two must be resolved as to provide the broadest coverage.

Appellee furnished decedent with the individual certificate pursuant to 36 O.S.1971, § 4502(2), which provides that each group accident and health policy shall contain a "provision that the insurer will furnish to the policy holder, for delivery to each employee or member of the insured group, an individual certificate setting forth in summary form a statement of the essential features of the insurance coverage of such employee ..." Appellee alleged she did not have a copy of the master policy.

California has a statute similar to § 4502(2), supra, which requires a group policy of insurance to contain a provision that an individual certificate setting forth a statement as to the insurance coverage will be delivered to the insured employee. In *Humphrey v. Equitable Life Assurance Society of America*, 67 Cal.2d 527, 63 Cal.Rptr. 50, 432 P.2d 746, the California Supreme Court said the purpose of their statute was "to provide persons insured under group policies with information regarding the coverage afforded. Obviously, only ' accurate information will satisfy the statutory requirement. To hold that an incorrect description of coverage is adequate would thwart the legislative purpose." The California court held that the provisions of the individual certificate delivered to the insured employee prevailed insofar as they offered broader coverage than the master policy.

In *Colvin v. Louisiana Hospital Service, Inc.*, La.App., 321 So.2d 416, the court said:

"In cases involving statutory, master policy, and certificate provisions very similar to those involved here, the California and Wisconsin Supreme Courts held that the provisions of the certificate prevailed. *Humphrey v. Equitable Life Assurance Society of America*, 67 Cal.2d 527, 63 Cal.Rptr. 50, 432 P.2d 746 (1967); *Riske v. National Casualty Company*, 268 Wis. 199, 67 N.W.2d 385 (1954).

\* \* \* \* \* \*

Although there are some decisions contrary to the holding of the *Humphrey* and *Riske* cases, *Boseman v. Connecticut General Life Insurance Co.*, 301 U.S. 196, 203, 57 S.Ct. 686 [689], 81 L.Ed. 1036 (1937); *Chrysler Corporation v. Hardwick*, 299 Mich. 696, 1 N.W.2d 43, 45 (1941); *Germain v. Aetna Life Insurance Co.*, 285 Mich. 318, 280 N.W. 773, 776 (1938); *Seavers v. Metropolitan Life Insurance Company*, 132 Misc. 719, 230 N.Y.S. 366, 370 (1928), the weight of authority holds that the terms of the certificate are binding on the insurer. *Prudential Insurance*

Company of America v. Roberts, 358 F.2d 394, 395–396 (5th Cir. 1966); *John Hancock Mutual Life Insurance Company of Boston, Mass. v. Dorman*, 108 F.2d 220, 222 (9th Cir. 1939); *Clauson v. Prudential Insurance Company of America*, 195 F.Supp. 72, 78–79 (D.C.Mass.1961); *United Security Life Insurance Company v. Harden*, 275 Ala. 169, 153 So.2d 246, 247 (1963); *Missouri State Life Insurance Company v. Foster*, 188 Ark. 1116, 69 S.W.2d 869, 870 (1934). This result is easily justified upon the ground that the individual certificate is the only document which the employee sees or is given at any time and that the insurer, who drafts the instrument in language it selects, cannot thereafter complain that it does not express the intention of the parties. *Humphrey v. Equitable Life Assurance Company of America, supra. 1 Appleman*, Insurance Law and Practice, 68–70 (1965)."

Our Court of Appeals in *Evans v. Lincoln Income Life Insurance Co.*, Okl.App., 585 P.2d 407 (1978) held that where there was a significant variance between the terms of a master group insurance policy covering state employees and the booklet explaining the policy benefits which was furnished to each insured employee, the rule that ambiguities and conflicts must be resolved in favor of the insured was applicable and the booklet containing the policy benefits was controlling.

All the cases we have cited or referred to which hold that the provisions of the individual certificate prevails over the master policy are those in which the individual certificate provided broader coverage than the master policy. We are concerned here only with that type of individual certificate.

We hold the exclusionary clause in the individual certificate prevails over the exclusionary clause in appellant's master poli-

cy. The trial court correctly entered summary judgment for appellee.

JUDGMENT AFFIRMED.

All the Justices concur.