MARTHA BURKE, Appellant, v. EMIL KIEKEBUSCH, Individually and as Executor of OTTO KIEKEBUSCH, Deceased, and Others, Defendants, Impleaded with IDA KIEKEBUSCH, Respondent.

Fourth Department, May 9, 1923.

**Insurance — life insurance — beneficiary named in policy is entitled to amount thereof where change of beneficiary was not completed in accordance with rules of insurer.**

The beneficiary named in a life insurance policy is entitled as against the estate of the insured to the amount of the policy, where a change of beneficiary so as to make the policy run to the estate of the insured was not made in substantial compliance with the rules of the insurer.

Accordingly, in this case where the insured attempted to change the beneficiary by substituting his estate for his wife, his failure to state the reasons why the certificate was not surrendered so that the change could be made, rendered the attempted change ineffective, since his attention was called to the rule that such statement was necessary where the certificate was not surrendered.

APPEAL by the plaintiff, Martha Burke, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 16th day of December, 1922, upon the decision of the court, rendered after a trial at the Erie Equity Term, dismissing the complaint and directing the treasurer of the county of Erie to pay over to the respondent, Ida Kiekebusch, $5,000 and interest, deposited with him pursuant to an order of the Supreme Court dated the 21st day of March, 1921, by the Masonic Life Association to the account of this action and the action of Ida Kiekebusch against the Masonic Life Association.

*Henry J. Weisenheimer* [*Bertha J. Strootman* and *Adelbert Moot* of counsel], for the appellant.

*John F. Mueller,* for the respondent.

CROUCH, J.:

When Ida Kiekebusch in 1913 married Otto Kiekebusch, it was understood that he would give her at his death $5,000 and no more, the balance of his estate to be divided among his three children. The doubtful competency of the witness whose testimony established that fact is disregarded. In 1915 Otto made Ida the beneficiary under two insurance certificates in the Masonic Life Association for $5,000. On September 22, 1920, Otto told the secretary of the association that he wished to make his certificates payable to his estate instead of to his wife. He thereupon to that end executed two formal written instruments known as changes of designation. The rules of the association required in such cases the payment of a fee of $1 and the production of the certificates at its office so that the instruments executed by the member might be attached thereto. That was deemed equivalent to the issuance of new certificates. The rules further provided that if from any cause the member was unable to return the certificate he should state the reasons for such failure and the board of directors might then make the change notwithstanding. None of those things was done.

On the same day, after signing the changes of designation, Otto made a will which gave Ida $5,000 and certain household furniture, the bequest to be in lieu of dower and in full of all claims.

Otto died on November 7, 1920. Ida, claiming a right to take the insurance money as well as the bequest, brought action against the association. Plaintiff here, a daughter of Otto, brought this action in equity to compel the payment of the insurance money to the estate of Otto and to compel Ida to accept $5,000 in full of her claim. There was an order of interpleader. On the trial judgment was given for Ida. The court refused to find that there had been a change of beneficiary from Ida to the estate of Otto.

In such a contest between rival claimants it has been said that the question is one of title; and that the contract creating the power to appoint another beneficiary protects the existing beneficiary until the forms imposed upon the execution of the power have been substantially complied with. (*Fink* v. *Fink,* 171 N. Y. 616, 623.) Substantial compliance was found where the only imposed form lacking was the surrender of the old certificate, and it appeared that plaintiff, the beneficiary therein, refused to give it up after the assured had demanded it. (*Lahey* v. *Lahey,* 174

N. Y. 146.) Under the evidence here it could with some difficulty be found that Ida withheld the certificates and thus prevented Otto from producing them for the attachment of the changes of designation. But the by-laws here, unlike the by-laws in *Lahey* v. *Lahey* (*supra*), provided a method for completing the change. That method was not used, although Otto's attention was called to the incompleteness of the change by a letter from the secretary dated October 9, 1920.

It is clear that the insured did not pursue the course pointed out by the laws of the association and did not do all in his power to change the beneficiary. Under such circumstances a court of equity will not act. (*Supreme Conclave, Royal Adelphia* v. *Cappella,* 41 Fed. Rep. 1.)

The judgment should be affirmed, with costs.

All concur; CLARK, J., not sitting.

Judgment affirmed, with costs.