In the Matter of the Estate of OTTO KIEKEBUSCH, Deceased.

IDA KIEKEBUSCH, Appellant; EMIL KIEKEBUSCH, Executor, etc., of OTTO KIEKEBUSCH, Deceased, Respondent.

Fourth Department, June 30, 1925.

**Wills — construction — devise in lieu of dower and of claims wife might have against estate — testator endeavored to change insurance policies from wife as beneficiary to his estate — testator failed in that purpose as determined in action by wife to recover insurance — claim to insurance not claim against estate and assertion thereof not bar to specific bequest in question.**

A widow is not barred from claiming a specific bequest contained in the will of her husband which provided that the bequest was in lieu of all dower and all claims that the wife might have against the estate, by the fact that she claimed the life insurance on the life of the testator and succeeded in her contention that the attempted substitution of the testator's estate as beneficiary in her place was ineffectual, for the claim to the insurance did not constitute a claim against the estate as that term is used in the conditional part of the bequest.

APPEAL by Ida Kiekebusch from a decree of the Surrogate's Court of the county of Erie, entered in the office of said Surrogate's Court on the 9th day of February, 1925, denying the prayer of the petitioner for an order directing the executor to pay her claim as legatee under the last will and testament of Otto Kiekebusch, deceased, in the sum of $5,000 with interest.

*John F. Mueller,* for the appellant.

*Henry J. Weisenheimer* [*Adelbert Moot* and *Bertha J. Strootman* of counsel], for the respondent.

CROUCH, J.:

On the 22d day of September, 1920, Otto Kiekebusch made his last will and testament, the 2d paragraph of which reads as follows: " I give, devise and bequeath unto my beloved wife, Ida Kiekebusch, the sum of five thousand ($5,000) dollars, together with all my household furnishings and equipment, including clothing and jewelry, in lieu and stead of any and all dower or claim of dower or any interest which she may have or claim to have in my estate, and on condition that she accepts this bequest in full for every

claim or demand against me or my estate, otherwise this bequest shall be void."

In 1913 Otto, a widower, aged seventy-four, with three grownup children, married Ida, his brother's widow, aged fifty-two, who came from Germany for that purpose. Prior to the marriage he promised to give her $5,000 by his will. In 1914 he made a will which contained such a bequest, coupled with a somewhat ambiguous provision relating to possible payment thereof out of insurance moneys belonging to his estate. There had been two certificates aggregating $5,000 of Masonic fraternal insurance in favor of Otto's first wife. In 1915 he transferred them to Ida. On September 22, 1920, acting under the advice of a lawyer, Otto attempted to make them payable to his estate instead of to Ida. Then, believing that he had done so, he immediately thereafter made the will containing the provision quoted above. There can be little doubt that his purpose on that day was so to arrange his affairs that Ida should receive at his hands only the sum of $5,000 aside from the furnishings, clothing and jewelry. Otto died November 7, 1920. For reasons stated in the opinion of this court in *Burke* v. *Kiekebusch* (205 App. Div. 503) the attempt to transfer the title of the insurance certificates failed and the proceeds were paid to Ida.

Ida now seeks payment of the $5,000 bequest. To her demand the executor answers that the bequest is void by its very terms because Ida by pressing two claims against the estate has elected not to comply with the condition annexed to it.

Prior to the making of the will, Otto had given Ida a $250 note for money loaned. That note came later into the hands of Ida's attorney and at his suggestion she verified a claim therefor in her name, which was filed with the executor. No action thereon was taken by either claimant or executor, and on the hearing in this proceeding before the surrogate, all claim against the estate on the note was waived on the record. We think these circumstances are not sufficient to constitute an election.

But the defense rests mainly on the contention that the suit brought by Ida upon the insurance certificates, to which the executor became a party by an order of interpleader, was in effect a claim against the estate and that having elected to press that claim she may not now assert an inconsistent claim to the bequest.

It is said by respondent that the sole question involved in this contention is one of construction of the paragraph of Otto's last will above quoted. The argument, if we understand it aright, is that in the light of all the circumstances surrounding the execution

of the will, it was Otto's intention that Ida should receive from him $5,000 and no more; that the words " every claim or demand," as used in the will, are broad enough to cover the insurance and were intended to do so, because the thought of the insurance was present in the mind of the testator in all that was done when the will was being drawn.

The argument does not convince us. It may be admitted that when the will was drawn Otto intended to limit his benevolence to the sum of $5,000. He no doubt thought then that he had done so. Subsequent events seem to have caused him uncertainty on that point. Whether his original intention persisted to the end will always be a little doubtful. We will assume, however, that it did so persist and that with it persisted also the belief that the insurance had been transferred to his estate. That intention, that state of mind, that belief, seem to evidence a thought in testator's mind that no claim on the insurance certificates by Ida could or would be made, rather than the contrary; and hence that the claims or demands referred to in the will did not contemplate or cover a claim to the insurance. Outside of dower, there was existing at least the claim on the $250 note. The language used in the will is appropriate to cover such a contemplated situation, but is quite inappropriate if the insurance certificates were in mind. If Ida were to make a claim thereon, it would not be a claim against Otto or his estate; it would be, as it was, a claim against the insurer. The attorney who was advising Otto and who attended both to the transfer of the insurance and to the drawing of the will, must have appreciated the distinction.

We are not entirely sure that the conclusion to which we are here driven will work an injustice. If it does, the fault must lie with Otto himself. In the Supreme Court action, equity could not under the authorities do for him what he had been able but had failed to do for himself. Still less can it do it here.

The decree should be reversed on the law and the facts, with costs payable out of the estate, and a new decree granted directing payment of the bequest to Ida Kiekebusch, with interest.

HUBBS, P. J., CLARK, DAVIS and TAYLOR, JJ., concur.

Decree reversed on the law and facts, with costs payable out of the estate, and decree granted, directing payment of the bequest to Ida Kiekebusch, with interest.