## PROVIDENT MUT. LIFE INS. CO. OF PHILADELPHIA v. VONDER HEIDE et al.

### Civil Action No. 1112.

District Court, E. D. Wisconsin.

Feb. 19, 1944.

Miller, Mack & Fairchild, Bert Vander-velde, and Vernon A. Swanson, all of Milwaukee, Wis., for plaintiff.

Berry & Stevens and C. H. Stevens, all of Detroit, Mich., and Fish, Marshutz & Hoffman, E. H. Hallows, and G. R. Hoffman, all of Milwaukee, Wis., for Alvine Vonder Heide and Mary I. Rennie.

William I. O'Neill and Fred Wright, both of Milwaukee, Wis., for Helen North Weis.

DUFFY, District Judge.

This is an interpleader action. It involves the disposition of the proceeds of life insurance policy No. 680744 issued by plaintiff to Walter E. Weis on March 16, 1932, and which had a cash value of $10,-115.95 on February 13, 1943, the date of the death of the insured. The matter before the court is the motion of defendants Alvine Vonder Heide and Mary I. Rennie for summary judgment.

The first beneficiary under the policy was Ruby V. Weis, the then wife of the insured. After her death, Mr. Weis by written instrument dated December 21, 1939, designated his maiden aunt, the defendant Alvine Vonder Heide, as primary beneficiary and his sister-in-law, the defendant Mary I. Rennie, as contingent beneficiary, and elected to have paid to his aunt, Alvine Vonder Heide, if living when said installments became payable, the proceeds of the policy in monthly $100 installments, and if not living, then to have similar payments made to Mary I. Rennie. In June, 1942, Walter E. Weis married his third wife, the defendant Helen North Weis.

The policy provides for the right to change the beneficiary, and so far as is material provides:

"Change of Beneficiary. The Insured, if of full age, may change and successively change any revocably designated Beneficiary......Every change of Beneficiary must be made by written direction of the Insured......and filed with the Company at its Home Office, accompanied by this Policy, and the Company shall be charged with notice of such change only when endorsed on this Policy by the Company ......"

On June 6, 1942, the insured sent a letter to the plaintiff at its home office in Philadelphia, as follows:

"Gentlemen:

"Will you kindly send me the necessary blanks for changing the beneficiary on my policies.

"I desire to cancel the present beneficiary and name my wife, Helen North Weis, as primary beneficiary at once."

This letter was received by the plaintiff and was answered by the plaintiff's registrar on June 8, 1942, as follows:

"Dear Mr. Weis:

"We have received your letter of June 6 and have requested our General Agent in your City, Mr. J. Stinson Scott,......to send you at once a form in order that you may revoke the outstanding election in connection with the above Policies and name your wife, Helen North Weis, as beneficiary."

On June 9, 1942, Mr. Scott, the general agent at Rochester, wrote to Mr. Weis, as follows:

"Dear Mr. Weis:

"Our Home Office in Philadelphia has advised us that they have a letter from you requesting change of beneficiary forms for your Provident Policies #515162 and #680744.

"We are enclosing the forms you request, and these should be signed, as indicated, in the presence of two disinterested persons as witnesses, and returned to our office, together with your policies for endorsement.

"We assume that you would like to revoke the outstanding option election and name your wife as sole beneficiary so that the proceeds of the policies will be payable to her in a lump sum. If this is not in accordance with your wishes, please let us know and we shall make other arrangements you prefer."

No reply having been received from Mr. Weis, Mr. Scott again addressed a letter to him under date of August 19, 1942:

"Dear Mr. Weis: Policies 515162—680744

"On June 9 we sent you forms in order that the beneficiary under these policies could be changed to your wife, so that the proceeds would be payable to her in a lump sum. Up to the present time we have received no reply.

"As a change of beneficiary is not effective until its endorsement on the policy, we would appreciate your sending the policy and forms to us so the matter may be completed promptly."

Again there was no reply from Mr. Weis, and Mr. Scott addressed another letter to him under date of December 21, 1942:

"Dear Mr. Weis: Policies 515162—680744

"On June 9 and August 19 we wrote you and enclosed forms so that the beneficiary on the above policies might be changed to your wife thus making the proceeds payable to her in a lump sum.

"We enclose another set of forms for your signature as we have not received the previous ones. Kindly date and sign the forms and have your signature witnessed by two disinterested persons. When you return the completed forms, the policy should also be sent. A change of beneficiary is not effective until it is endorsed on the policy.

"If you will send us the forms and policy by December 26, we will complete the matter promptly."

Mr. Weis did nothing in response to this letter, and died on February 13, 1943.

Defendant Alvine Vonder Heide and her mother fed, clothed, sheltered, and otherwise provided and cared for Walter E. Weis from the time he was four months old until he reached the age of eighteen. In 1939, at the time he designated Alvine Vonder Heide his primary beneficiary under the policy, he was supporting her to the extent of $15 a month. In February, 1942, he increased these payments to $22.50 per month, and he continued them through January, 1943. Nothing to the contrary appearing, we can assume that up to the date of his death Weis continued on friendly terms with his aunt and felt under some obligation to her. On the same basis, we can assume his relations with his third wife, Helen North Weis, remained friendly during the eight months of their marriage. Shortly after his marriage to her he changed his bank account to a joint account upon which either could draw funds.

At the time the policy was issued, the insured was a resident of Detroit, Michigan. On June 6, 1942, when the insured wrote to the company about the change in beneficiary, he was a resident of Rochester, New York. The attorneys for the contesting parties seem to be in agreement that the controversy is governed by the law of New York.

Defendant Helen North Weis contends that insured's letter of June 6 was sufficient under New York law to effect a change in the beneficiary of the policy. She relies on the sentence in that letter written by the insured stating, "I desire to cancel the present beneficiary and name my wife, Helen North Weis, as primary beneficiary at once," and emphasizes the importance and significance of the words, "at once". Such a construction overlooks the other sentence of the same letter: "Will you kindly send me the *necessary* blanks for changing the beneficiary on my policies." (Italics supplied) This clearly indicates that insured knew something additional to a notice in the form of a letter was necessary to effect the then desired change. Indeed, as recently as December 21, 1939, he had gone through the procedure of changing the beneficiary, and must have been fully acquainted with the necessary steps in its accomplishment.

Defendant Helen North Weis further argues that the insurance company could and did waive its requirement that the policy be returned to the insurance company for endorsement of the change in

beneficiary, because the company did not notify the insured to send in the policy. However, promptly upon the receipt of insured's letter, the company informed the insured that General Agent Scott of Rochester, New York, would send him a form "in order that" he *"may* revoke......and name" his "wife, Helen North Weis, as beneficiary," indicating revocation was not accomplished by his letter and that other steps were necessary. (Italics supplied) On June 9 Mr. Scott sent the insured a form entitled, "Revocable Change of Beneficiary". In heavy black print on the left-hand border of this form appeared: "Return policy with form for endorsement." Immediately underneath the space for insured's signature, the words, "How change of beneficiary must be made," were printed in heavy black print, and thereunder the following instructions were given: "Every change of a Revocably Designated Beneficiary must be made by written direction of the Insured filed with the Company at its Home Office, accompanied by the Policy, and the Company shall be charged with notice thereof only when endorsed on the Policy by the Company. The signature must be witnessed by two disinterested subscribing witnesses."

A typewritten slip reading, "Please do not fill in form but note here information about beneficiary," was attached to this form. Defendant Helen North Weis attributes great significance to this slip. It is evident, however, that the company was only concerned as to how the insured desired the payments to be made, in as much as in his letter of June 6 he spoke of his wife as the "primary beneficiary". He apparently had someone in mind as the contingent beneficiary at that time. Furthermore, what the insured might desire in the way of lump sum or monthly payments also had to be determined.

■ The argument that the insurance company waived the provision as to sending in the policy for endorsement has no justification in the facts. In addition to the large print on the border and the other printed instructions on the change of beneficiary form enclosed with Mr. Scott's letter of June 9, to which I have heretofore referred, the letter stated: "We are enclosing the forms you request, and these should be signed, as indicated, in the presence of two disinterested persons as witnesses, and returned to our office, together with your policies for endorsement." In Agent Scott's letter of August 19, he stated: "As a change of beneficiary is not effective until its endorsement on the policy......" In the letter of December 21, Mr. Scott stated: "When you return the completed forms, the policy should also be sent. A change in beneficiary is not effective until it is endorsed on the policy."

■ Counsel for defendant Helen North Weis admits that it is the basic rule that when the insured has reserved the right to change the beneficiary or to assign the policy, he must strictly comply with the contract terms governing the change when the insurer insists on those terms. He contends, however, that this case comes within the recognized exception: when the insurer has waived any formal defects in the attempted change of beneficiary, neither the insurer nor the original beneficiary can raise those defects to defeat the change. Counsel for this defendant also contends, "Statements in the older (N.Y.) cases to the effect that the policy requirements protect the existing beneficiary until these requirements are substantially complied with (Fink v. Fink, 171 N.Y. 616, 623, [64 N.E. 506]; and Orcutt v. Modern Woodmen of America, 213 App.Div. 530, 533, 210 N.Y.S. 609, 611), is no longer the law," and cites the case of Davis v. Modern Industrial Bank, 1939, 279 N.Y. 405, 410, 18 N.E.2d 639, 135 A.L.R. 1035.

Admitting the correctness of counsel's construction of the New York law, the contention that the insurance company waived or "refused to assert" the provision requiring an endorsement on the policy has no foundation in fact. Counsel argues it is significant that the company in its June 8 letter failed to mention it would insist that the policy be returned to the company in order for endorsement of the change of beneficiary to be effective. But that same letter notified the insured that their General Agent Scott would send him the form, and on three separate occasions Scott emphasized in his letters to the insured that such an endorsement was a necessary requirement.

■ Counsel seeks to draw a distinction between what the company itself did and the requirements of General Agent Scott as stated in his several letters. Such a distinction cannot properly be made. The letter of June 8 from the company's main office stated clearly that the request of the insured was being turned over to General Agent Scott, and the latter's acts and in-

structions are those of the company, by which the insured was fully advised concerning the further necessary steps to effectuate a change in beneficiary.

On June 6 the insured desired to change the primary beneficiary. Whether he subsequently changed his mind we do not know, but for some reason of his own he ignored the three letters sent to him by the General Agent of plaintiff, each of which emphasized the requirement of surrendering the policy for endorsement if the change in beneficiary was to be effective, and enclosed the necessary form to change his beneficiary, each of which likewise stressed that endorsement by the company was prerequisite to effecting such change. His mere unexecuted intention to change the beneficiary is not sufficient.

In determining the New York law I have considered, in addition to the cases hereinabove mentioned, the following: Burke v. Kiekebusch, 205 App.Div. 503, 199 N.Y.S. 663; Woodbury v. Schroeder, 116 Misc. 673, 191 N.Y.S. 513; Sangunitto v. Goldey, 88 App.Div. 78, 84 N.Y.S. 989; and Schoenholz v. New York Life Insurance Co., 234 N.Y. 24, 136 N.E. 227.

The motion of defendants Alvine Vonder Heide and Mary I. Rennie for summary judgment must be granted.